THE PEOPLE OF THE STATE OF NEW YORK ex rel. HENRY H. BREWSTER, Respondent, *v.* THE "OLD GUARD" OF. THE CITY OF NEW YORK and Others, Appellants.

*Incorporated military organization — charge against a member thereof — his trial thereunder by a board of officers and his expulsion by the organization — error in such expulsion cured by proceedings had after the issue of an alternative writ of mandamus to review the expulsion, but before the return thereto.*

One Brewster, a member of an incorporated association which was in one respect. a military organization and was not formed for profit, preferred charges. against the commandant of the organization alleging the misappropriation by the latter of twenty dollars. The board of officers of the association, which was the only tribunal constituted for that purpose, investigated the charges. against the commandant and acquitted him. They also passed a resolution recommending that charges be preferred against Brewster.

In accordance with such resolution, a member of the board of officers, acting, not in his individual capacity, but as a lieutenant of one of the companies of the association; preferred charges against Brewster, accusing him of having slandered the commandant.

Brewster was duly notified of the charges and appeared at the hearing of the charges in person and by counsel and pleaded not guilty. In reply to a question whether he objected to being tried by any member of the board, he stated that he did not.

At the conclusion of the trial the board of officers, upon evidence amply sufficient for that purpose, found Brewster guilty and recommended his dismissal.

Under the constitution of the association it was necessary that the action of the board of officers be confirmed by the association at a regular monthly meeting. The constitution also provided that the regular monthly meetings of the association should be held on the first Tuesday of each month, and that, in case the first Tuesday fell on a legal holiday, the regular meeting should be held on the first Thursday thereafter;

The next regular meeting after the trial should have been held on Thursday, November 6, 1902, Tuesday, November fourth, being a legal holiday. Only eight members of the organization attended the meeting held November sixth and they assumed to adjourn the meeting to November eleventh.

A meeting was held November eleventh, at which ninety-five members, including Brewster, were present. It was voted at such meeting that the report of the board of officers be confirmed and that Brewster be expelled.

December 4, 1902, Brewster procured an alternative writ of mandamus to procure his reinstatement. Pending the return to this writ, at a regular meeting held on January 6, 1903, of which Brewster had due notice, the report of the board of officers was resubmitted to the organization and was adopted by unanimous vote. The return to the writ set forth the action taken at this meeting.

*Held,* that Brewster, having submitted to the jurisdiction of the board of officers and having accepted the court as constituted, having allowed the investigation to proceed and having participated in it to the end, could not object to the competency of the court to try him on the ground that it was in part composed of persons who, if not actually hostile to, were biased against him;

That while the meeting held on November 11, 1902, was without warrant in the constitution of the organization, and everything done at that meeting was ineffectual and void, the irregularity was cured at the meeting held January 6, 1903;

That the proceedings at the meeting held January 6, 1903, constituted new matter which arose after the beginning of the proceeding, and could have been set up by permission of the court;

That such new matter having been set up in the answer which was received by the court, and no objection having been made on the ground that it was pleaded without permission, such new matter was available to the defendant.

APPEAL by the defendants, The " Old Guard " of the City of New York and others, from a final order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of April, 1903, directing the issuance of a peremptory writ of mandamus; also from an order entered in said clerk's office on the 14th day of April, 1903, amendatory of said first-mentioned order, and also from an order entered in said clerk's office on the 9th day of April, 1903, denying, among other motions, the defendants' motion to dismiss the proceedings herein.

*Asa Bird Gardiner,* for the appellants.

*F. De Witt Wells,* for the respondent.

PATTERSON, J. :

By final orders, from which this appeal is taken, the relator was granted a peremptory writ of mandamus restoring him to membership in the " Old Guard " of the city of New York and assessing damages sustained by his alleged illegal expulsion from that organization. The final orders were made after a trial upon an alternative writ.

The relator was a life member of the " Old Guard," by which is meant that having paid a certain gross sum he was thereafter exempt from the payment of any further annual dues. His relation to the " Old Guard," except in that respect, was the same as

that of any other member. The association is incorporated and is in one aspect a military organization. (Laws of 1873, chap. 574; Laws of 1889, chap. 293.) It is not an association formed for profit. It has a constitution and by-laws, which it had power to make under the provisions of section 3 of chapter 284 of the Laws of 1868, relating to its incorporation. That section reads: " The said corporation shall have power to make and adopt a constitution and by-laws, rules and regulations for the admission of members and their government, the election of officers and their duties, the suspending or expelling of members and for the safe keeping of its property and funds, and from time to time to alter or repeal such constitution, by-laws, rules and regulations." By section 6 of article 6 of the constitution it is provided that " unmilitary conduct unbecoming a soldier and a gentleman and to the prejudice of good order and military discipline, intoxication on duty or in uniform shall constitute grounds for charges against members and their trial before the Board of Officers." Section 7 of the same article provides that " Upon a complaint being made against a member it must be reduced to writing and contain a specification of the offense complained of. It must be signed by the complaining member and presented to the Board of Officers." Provision is then made for notifying the accused member and serving him with a copy of the charges and requiring him to appear before the board at a time and place specified. Section 8 of that article provides that " Upon the date specified in said notice the Board of Officers shall hear the statements and consider the proof offered and determine the matter. If such accused member shall be found guilty of the charges and specifications, or any of them, by a vote of a majority of the members of said Board, the said member may be recommended to the organization for expulsion or such other penalty or reprimand as the said Board may determine." Section 1 of article 10 of the constitution provides for the creation of a board of officers, which shall be composed of the commandant, the line officers of the several companies and certain other persons, and by section 4 of article 10 it is provided that this board of officers shall have the charge of all property of the organization, prescribe rules for admission to membership, not inconsistent with the provisions of the charter and constitution, and take such action in relation to membership as provided in article 4 and

article 6 of the constitution. Article 13 of the constitution provides that a regular monthly meeting shall be held at the headquarters of, the organization on the first Tuesday of each month at eight o'clock P. M., except the July, August and September meetings may be dispensed with by a resolution to that effect at the June meeting. In case the first Tuesday shall fall upon a legal holiday the regular meeting shall be held on the first Thursday thereafter.

When the relator became a member of the "Old Guard" he subjected himself to the control of the provisions of the Constitution and by-laws. On the 31st of October, 1902, he was charged with the commission of a grave offense, namely, that he had falsely accused the commanding officer of the "Old Guard" with the theft of twenty dollars. The charge was formulated in the following words :

"*To the Board of Officers of the Old Guard :*

"I hereby charge Henry H. Brewster, a member of the Old Guard, with conduct unbecoming a soldier and a gentleman, and to the prejudice of good order and military discipline, in that he falsely charged S. Ellis Briggs, Major of the Old Guard and Commandant, with having received and appropriated to his own use, certain moneys, to wit, the sum of Twenty dollars ($20) falsely pretended and claimed to have been paid by him, said Brewster, on March 18th, 1901, to the said S. Ellis Briggs, Major and Commandant, as aforesaid, for the amount of a certain subscription, made by him, said Brewster, to the Old Guard, for the expenses of the anniversary dinner and celebration held in April, 1901. Dated, New York, October 20, 1902.

"DAVID H. LICHTENSTEIN,
"*Lieutenant C. Company.*"

The relator was notified of this charge and a time was appointed for a hearing thereon. He attended in person and by counsel, was arraigned and pleaded not guilty. He was asked if he objected to being tried by any member of the board, to which he responded, "I do not." The trial then proceeded, and at its conclusion the relator was found guilty of the charge, and the board recommended that he be expelled from the organization. The testimony taken at

FIRST DEPARTMENT, NOVEMBER TERM, 1903. [Vol. 87.

this investigation or trial appears in the record, and abundantly justified the conclusion reached by the board and its recommendation. The action of the board of officers required confirmation by the members of the association at a regular monthly meeting. The next such meeting after the finding of the trial board was made should have been held on Thursday, November 6, 1902 — Tuesday, November fourth, being election day and a legal holiday. On the evening of November sixth only eight members of the organization were present. Those in attendance undertook to adjourn the meeting to November eleventh. They clearly had no power to do that, for they could not pass upon any business matter, and, therefore, were powerless to designate any other time for a general meeting than that fixed by the constitution. Nevertheless, a meeting was held on November eleventh, of which the relator was previously notified and at which he attended. Ninety-five members were present, and it was moved, seconded and voted that "the report and recommendation of the Board of Officers of the charges against H. H. Brewster be now confirmed and the said Brewster be expelled from the organization," and he thereupon was expelled. Subsequently thereto and before a meeting of the organization held in January, 1903, and to which reference will presently be made, the relator made his application to the Supreme Court for a writ of mandamus to compel his restoration to membership. An alternative writ was issued on the 4th of December, 1902, was made returnable within twenty days, but thereafter, by stipulation, the time of the defendants to answer was extended to January 8, 1903. On the last-named day an answer or return to the writ was filed. In it is set forth, among other things, the following: "Before any action could be taken to formally notify said relator in writing of the adoption of said recommendation or to drop his name from the roll in accordance with said affirmative vote (referring to the action taken on the 11th of November, 1902), he protested that members of the organization did not generally know that his case would then be considered, and that the meeting to pass upon his case ought to be held on the first Tuesday in the month. Thereafter the said Board of Officers, at a meeting thereof, expressed by vote the fullest desire that the said Henry H. Brewster shall not have any possible reason to complain that the vote of the organization was not rendered upon

full notice, and understandingly and accordingly resolved that their recommendation be resubmitted at the next regular meeting, to be held on Tuesday evening, January 6th, 1903, at the armory aforesaid, and that the said relator be duly notified of the fact that the said recommendation would be resubmitted to the organization at said meeting on January 6th, 1903, and that his name had not yet been dropped from the roll and would not be dropped until action by said meeting." It is then stated in the answer that the relator was duly notified of this meeting, and that the recommendation with reference to his expulsion would be acted on at a meeting to be held on January 6th, 1903. It is further set forth that at the regular meeting on that evening the recommendation of the board of officers was resubmitted, was adopted by a unanimous vote, and that thereupon the relator was duly expelled and his name stricken from the roll of membership.

The proceedings of the meeting of the board of officers held on December 29, 1902, providing for the resubmission of the recommendation to the organization at a regular meeting to be held on Tuesday evening, January 6, 1903, appear in the record. The court below, therefore, had before it the whole history of the action of the Old Guard with respect to the expulsion of the relator. It had the charge made against him; the trial of that charge before the board of officers; the way in which that body was constituted; the evidence taken before it; the findings of the board of officers; their recommendation; its unauthorized submission at an assemblage of members which was not a regular meeting; the recognition of that irregularity and insufficiency by the resubmission of the findings and recommendation at a regular and duly authorized meeting of which the relator was properly notified, and the action taken thereupon before the return day of the alternative writ.

Upon that statement of the case there are two questions presented for consideration. The first has reference to the constitution of the board by which the relator was tried. It is urged that it was improperly constituted, because it was in part composed of persons who, if not actually hostile to, were biased against him. It is plain that the objection does not apply to the board of officers as a whole. There was no other body which, under the constitution of the organization, could act as a tribunal to investigate charges against

accused members. If the relator were not tried before that body, he could not be tried at all. But it is claimed that certain of the members of the board were disqualified from acting, by reason of their connection with the charge made against the relator. That charge did not involve merely a personal controversy between the relator and the commandant of the Old Guard. It originated in a unanimous resolution of the board of officers. The relator, in October, 1902, had made and formulated a charge of dishonesty against the major commanding the organization. It had been considered by the board of officers. It was to the effect that the relator had paid to the commanding officer the sum of twenty dollars, to be handed to the treasurer of a committee of the Old Guard, and that the commanding officer had not delivered it to the treasurer, but retained it. The board of officers, having investigated the matter, found that the amount had been received by the treasurer, and thereupon a resolution was passed that the relator having made a charge against the commandant, which, upon investigation, proved to be absolutely false, it was the sense of the board that the resignation of the relator be demanded at once. The relator having refused to resign, a further resolution was offered and unanimously passed as follows: "That charges be preferred against Mr. H. H. Brewster (for slandering a Comrade, Major S. Ellis Briggs) for conduct unbecoming a soldier and gentleman and prejudicial to good order and military discipline." Thus the charges made against the relator did not proceed merely from an aggrieved member. It had become a matter in which the whole organization was concerned. The crime which the relator had imputed to the commanding officer was a matter which deeply affected the entire association, every member of which was notified by the relator's charge that he belonged to an organization commanded by a petty thief.

The gist of the relator's objection is that he was not tried by a tribunal fairly constituted. The charges against him were signed by Mr. Lichtenstein; not as an individual, but in his capacity as lieutenant of one of the companies composing the Old Guard, and in compliance with the requirement of the resolution above quoted. He was one of that board of officers. Another member of that board was Lieutenant Ward, who previous to the trial, it is said, had told the relator that he must resign or be expelled. Lieutenant Ward did

PEOPLE ex rel. BREWSTER v. "OLD GUARD." 485

App. Div.] . First Department, November Term, 1903.

not vote as a member of the court, but it appears that he sat during its proceedings. In the case at bar the relator submitted to the jurisdiction, accepted the court as constituted, allowed the investigation to proceed and participated in it to the very end. He could waive his objection to jurisdiction if there were any (*People ex rel. Deverell* v. *Musical Mut. Protec. Union*, 118 N. Y. 107) and he did so. By his acquiescence he induced the board of officers to proceed with the investigation, and, as said before, the evidence upon which they acted was abundantly sufficient to sustain their finding. Under the circumstances, we are of the opinion that the relator cannot now claim that he was tried by a court unfairly or improperly organized. He does not object to the competency of the whole court. On becoming a member he had agreed to abide by the constitution. It expressed the contract by which he consented to be bound as to his disfranchisement (*Belton* v. *Hatch*, 109 N. Y. 593), and we are not prepared to hold that he could not be tried at all because the charge was directed to be made by the board of officers, which had acted previously on the subject-matter on another occasion, especially in view of the unqualified assent given by him to proceeding before that body.

A second subject is presented for consideration, and that is the irregularity of the meeting of November 11, 1902, at which the recommendation of the board of officers was first adopted. As before remarked, everything that was done at that meeting respecting the relator's cause was irregular and ineffectual and utterly void, and if the matter stopped there the relator would be entitled to reinstatement; but this irregularity, substantially admitted by the respondents, was cured at the January meeting of 1903. The action of the board of officers remained valid. It was the adoption by the body of the organization that was alone void. The proceedings of the January meeting, which were had after due notice to the relator, are all referred to in the answer of the respondents, and testimony with respect to those proceedings thus set up in the answer as new matter was given upon the trial of the alternative writ and forms part of the record now before us. There can be no question, therefore, of the sufficiency of the plea of new matter. It appeared that the irregularity and infirmity of the relator's expulsion was cured at a regular meeting duly called, of which the relator had due

notice, and in the exercise of its judicial discretion the court should have given heed to the fact that, notwithstanding the relator may have been entitled to restoration to membership at the time he applied for the writ, yet, at the time of the trial, he had been duly expelled, and a sufficient legal reason then existed for denying the writ.   The learned judge at Special Term considered that what was done in the effort to correct infirmities at the trial and in the procedure thereafter may not be considered, as they could not affect the rights of the relator.   We cannot agree with that view.   What occurred at the January meeting was strictly new matter.   It is in the nature of an admission that the antecedent procedure was void.   The proceeding in mandamus is assimilated by the Code to the proceeding in an action.   New matter arising after the beginning of an action may be set up by permission of the court.   Here it was set up in the answer and was submitted to and received by the court, no objection being taken that we can find that it was pleaded without permission, only that it was irrelevant.

It thus being made to appear that the expulsion of the relator, ultimately, was duly made at a regular meeting of the organization, the proceeding should have been dismissed.

The final orders should be reversed, with ten dollars costs of the appeal and printing disbursements, and the motion for a mandamus denied, but inasmuch as at the time the motion was made the relator may have been entitled to the writ and his right is defeated by new matter arising after the writ was issued, the denial of the motion should be without costs.

VAN BRUNT, P. J., INGRAHAM, HATCH and LAUGHLIN, JJ., concurred.

Orders reversed, with ten dollars costs of appeal and printing disbursements, and motion for mandamus denied, without costs.