(173 App. Div. 138)

OVENS v. MARKS, Borough President, et al.

(Supreme Court, Appellate Division, First Department.   June 2, 1916.)

1. MANDAMUS ⊚⇒16(1)—WHEN INVOKED—USELESS ORDERS.
   Where an employé was suspended, and another was transferred to a position ahead of him, he could not, three months after termination of the work to which such other was transferred, invoke mandamus to compel his assignment thereto, since mandamus does not act retroactively.
   [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 48; Dec. Dig. ⊚⇒16(1).]

2. MUNICIPAL CORPORATIONS ⊚⇒218(11)—EMPLOYÉS—RIGHT TO LABOR—PRIORITIES.
   Under Greater New York Charter (Laws 1901, c. 466) § 1543, providing for suspension, transfer, and reinstatement of employés in the order of priority of entrance to service, an employé cannot compel his assignment to work from the suspended list until his name is certified by the civil service commission, and if they are not made parties his suit must fail.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 592; Dec. Dig. ⊚⇒218(11).]

3. MUNICIPAL CORPORATIONS ⊚⇒220(5)—EMPLOYÉS—RIGHT TO LABOR—PRIORITIES.
   A city employé cannot, by compelling retroactive assignment to a position under a claimed right by reason of charter provisions, establish a claim against the city for per diem compensation for a period when he rendered no service.
   [Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 604; Dec. Dig. ⊚⇒220(5).]

⊚⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Special Term, New York County.

Mandamus by James Ovens against Marcus M. Marks, President of the Borough of Manhattan, and another. From the order directing that peremptory writ issue, defendants appeal. Reversed, and motion denied.

Argued before CLARKE, P. J., and SCOTT, DOWLING, SMITH, and PAGE, JJ.

Terence Farley, of New York City, for appellants.
Nathan D. Levy, of New York City, for respondent.

SCOTT, J. The relator was appointed on March 20, 1891, an inspector of regulating, grading, and paving in the department of public works in the office of the president of the borough of the Bronx, and remained attached to that department as such inspector until August 15, 1915. The position was in a sense a permanent one, but the persons holding it are paid upon a per diem basis, and only for the time they actually work, or when, under the provisions of the charter, they are allowed a vacation with pay. When a particular piece of highway work, to which such an inspector may be assigned, is completed, the inspector is relieved from duty and receives no pay until reassigned. They are sometimes kept for a while on the roster of the department, if there is a prospect that new work may be commenced to which they may be assigned. Otherwise they are certified to the municipal civil service commission, to be placed upon the list of suspended employés under section 1543 of the Greater New York Charter, which, so far as relevant here, reads as follows:

"Wherever in any department or institution an office, position or employment is abolished, or made unnecessary through the operation of this act, or in any other manner, or whenever the number of offices, positions or employments of a certain character is reduced, the person or persons legally holding the office or filling the position or employment thus abolished or made unnecessary shall be deemed to be suspended without pay, and shall be entitled to reinstatement in the same office, position or employment, or in any corresponding or similar office, position or employment, if within one year thereafter there is need for his or their services. Whenever such offices, positions or employments are abolished or made unnecessary, it shall be the duty of the head of the department or institution to furnish the names of the person or persons affected to the municipal civil service commission, with a statement in the case of each *of the date of his original appointment in the service.* It shall be the duty of the municipal civil service commission forthwith to place the names of said persons upon a list of suspended employés for the office, or position, or for the class of work in which they have been employed, or for any corresponding or similar office, position or class of work, and *to certify the said persons for reinstatement, in the order of their original appointment, before making certifications from any other list.*"

The work upon which relator was engaged was concluded on July 24, 1915. He was given a week's vacation with pay, and was then retained on the roster of employés until August 13, 1915, when his name was certified to the municipal civil service commission under the provisions of the charter quoted above. Owing to the length of time he had been in service, his name then headed the list of suspended inspectors of his grade and class. There was also employed as inspector of regulating, grading, and paving in the department of

public works in the borough of the Bronx one Joseph Burke. The work on which he was engaged was completed on October 20, 1915, and he also was carried for a few days on the roster of the department. On October 29, 1915, before his name had been certified to the municipal civil service commission under section 1543 of the charter, at the request of the commissioner of public works in the office of the president of the borough of Manhattan, and with the consent of the borough president of the Bronx, and of the municipal civil service commission, Burke was transferred to the department of public works, borough of Manhattan. His appointment or employment in this latter position was merely temporary, expiring on December 31, 1915.

The order appealed from was entered on April 4, 1916, and directed that a mandamus issue to the respondents, who are president of the borough of Manhattan and the commissioner of public works in his office, commanding them "to annul the transfer of Joseph Burke from the position of inspector of regulating, grading, and paving in the office of the president of the borough of the Bronx to the position of inspector of regulating, grading and paving in the office of the president of the borough of Manhattan, on or about the 29th day of October, 1915, and to reinstate the relator, James Ovens, in said position in the office of the president of the borough of Manhattan as of October 29, 1915, with $50 costs of this motion."

[1] There are several objections to this order. One is that it can accomplish nothing. Burke's transfer to the borough of the Bronx ended automatically on December 31, 1915, and there is nothing to be gained by annulling it three months later. Nor can the relator be "reinstated" in an office or position to which he was never appointed. His grievance is that he was not appointed to a position in the borough of Manhattan. Nor could he be employed nunc pro tunc as of October 29, 1915. As has been said such inspectors are paid only when they work, and even the prerogative writ of mandamus cannot assign a man to work retroactively.

[2] Furthermore the officials of the borough of Manhattan could not, under the provisions of the charter, assign relator to work from the suspended list unless he had been certified for employment by the municipal civil service commission, the members of which are not made respondents herein. It also appears that Burke had been in the public service much longer than relator, and it seems that, if he had been certified to the civil service commission for inclusion in the suspended list, his name would have taken precedence of that of relator.

[3] But the whole question is academic, and was when the order appealed from was made. At the most, all that relator was ever in a position to demand was that he should be employed in preference to Burke. That employment terminated long before the order for a mandamus was made, and there was therefore nothing for a mandamus to effect. The relator cannot, by being employed retroactively, establish a claim against the city for a per diem compensation covering a period when he rendered no service. Even, therefore, if he was entitled to be employed on October 29, 1915, which we do not decide, he has established no case for a writ of mandamus.

Order appealed from reversed, and motion denied. All concur.