In the Matter of the Application of ABRAHAM FUCHS, Respondent, for a Mandamus Order against FIRST DOBROMILER SICK AND BENEVOLENT ASSOCIATION, Appellant.

First Department, July 6, 1926.

Corporations — membership corporation — mandamus to compel reinstatement — petitioner was illegally expelled, but thereafter he was reinstated and legally expelled — defendant should have been permitted at trial of alternative order to serve supplemental answer setting up reinstatement and legal expulsion.

In a mandamus proceeding to compel the defendant, a membership corporation, to reinstate the petitioner, based on his expulsion from membership in an

illegal manner, the defendant should have been permitted to serve a supplemental answer at the trial of the alternative order of mandamus, setting up that after the illegal expulsion of the petitioner he was reinstated by the defendant and then legally expelled.

The court had power to permit an amendment and a proper exercise of the court's discretion should have resulted in the service of the supplemental answer.

Appeal by First Dobromiler Sick and Benevolent Association from a peremptory mandamus order of the Supreme Court, entered in the office of the clerk of the county of New York on the 24th day of March, 1924, requiring the defendant to reinstate the petitioner as a member of the defendant society, entered upon a directed verdict at the trial of an alternative order of mandamus, also from a judgment entered in said clerk's office on the 27th day of March, 1924, pursuant to said order, and also from an order entered in said clerk's office on the 28th day of February, 1924, denying appellant's motion for a new trial made upon the minutes.

*David Vorhaus* of counsel [*House, Grossman & Vorhaus*, attorneys], for the appellant.

*Charles D. Sprung* of counsel, for the respondent.

Merrell, J. The defendant is a membership corporation, organized and existing under the laws of the State of New York. For nearly six years prior to August, 1923, the petitioner was the duly chosen treasurer of said association. On August 18, 1923, the petitioner was removed from the office of treasurer and later expelled from membership in the association. The ground of his removal and expulsion was stated to have been a misappropriation by him of certain death benefits belonging to the widow of a deceased brother. The expulsion of the petitioner was irregularly made and not in conformity with the provisions of the constitution and by-laws of the association in such case provided. It fairly appears that the petitioner had no notice that any charges were preferred against him and had no opportunity to defend himself against such expulsion and removal from office. Following such irregular removal the petitioner instituted mandamus proceedings to compel his reinstatement. Issue was joined in such proceeding and an alternative mandamus order was issued. A preference was granted for the trial of the issues presented thereby upon the ground that the term of office of the petitioner as treasurer would expire on December 31, 1923. The matter did not come on for trial, however, until January, 1924. At the opening of the trial, counsel for the defendant asked leave to file a supplemental answer setting forth that subsequently to the irregular expulsion of the petitioner from membership and his removal from the office of treasurer of the defendant association, he was duly reinstated as a member of the

association, and that thereafter a proceeding was taken upon notice to the petitioner and in conformity with the provisions of the constitution and by-laws of the defendant association for the expulsion of the petitioner from membership therein. The court presiding at the trial of the alternative mandamus proceeding denied the motion in behalf of the defendant to amend its answer for the reason that the answer contained matters subsequent to the petitioner's unauthorized removal. Counsel for the defendant then asked for time to apply at Special Term for an order permitting the service of such supplemental answer, which application was denied by the trial court. Thereupon the trial court directed a verdict in favor of the petitioner " that the petitioner, Abraham Fuchs, was removed as a member and treasurer of the First Dobromiler Sick and Benevolent Association on August 18, 1923, without some of the provisions of the constitution and by-laws of the society relating to his removal having been complied with." Counsel for the defendant thereupon moved to set aside said verdict and said motion was subsequently denied by the trial court and judgment was entered and a final order granted requiring the defendant association to restore and reinstate the petitioner to full membership in the defendant association as of August 18, 1923.

I think the trial court should have permitted an amendment of the answer of the defendant at the trial of the alternative order of mandamus. Counsel for the petitioner made no claim of surprise at the time the application to amend was made and it appears from the papers on appeal that the petitioner was fully aware of the subsequent proceeding which was taken restoring him to membership and thereafter expelling him upon charges of which he had due notice, and that such final expulsion was in conformity with the provisions of the constitution and by-laws of the defendant association. The most that is accomplished by the judgment and order appealed from is the restoration of the petitioner, as of the date when he was originally expelled, upon the ground that there was a failure to comply with certain formalities provided by the constitution and by-laws of the defendant association at the time of his first expulsion. The mandamus proceeding did not speak retroactively, but as of the time when the judgment and final order were granted. (*People ex rel. Brewster* v. *"Old Guard,"* 87 App. Div. 478; affd., 178 N. Y. 576.) In that case this court said (at p. 485): " It appeared that the irregularity and infirmity of the relator's expulsion was cured at a regular meeting duly called, of which the relator had due notice, and in the exercise of its judicial discretion the court should have given heed to the fact that, notwithstanding

the relator may have been entitled to restoration to membership at the time he applied for the writ, yet, at the time of the trial, he had been duly expelled, and a sufficient legal reason then existed for denying the writ. The learned judge at Special Term considered that what was done in the effort to correct infirmities at the trial and in the procedure thereafter may not be considered, as they could not affect the rights of the relator. We cannot agree with that view." (See, also, *Matter of Ovens* v. *Marks*, 173 App. Div. 138.) It seems to me that the reinstatement of the petitioner by the defendant, when it was discovered that his removal had been irregularly made, renders the present application academic, and that the facts as outlined in the proposed amendment to the answer of the defendant should have been received and considered by the court, which, if true, would have formed a complete answer to the present reinstatement of the petitioner. I think the power of the court to permit an amendment is beyond question, and that a proper exercise of the court's discretion should have resulted in permitting the amendment asked. (*Feizi* v. *Second Russian Insurance Co.*, 199 App. Div. 775.)

The final order and judgment appealed from should be reversed and the verdict directed by the court in the alternative proceeding set aside and the defendant be granted leave to file its proposed supplemental answer, and a new trial granted, with costs to the appellant to abide the event.

CLARKE, P. J., FINCH, MARTIN and WAGNER, JJ., concur.

Judgment and orders reversed, the verdict set aside and a new trial ordered, with costs to the appellant to abide the event, and with leave to defendant to serve and file a supplemental answer within twenty days from entry of order.