In the Matter of the Application of HENRY MORRIS, INC., Respondent, Appellant, against THE DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK and Another, Appellants, Respondents.

First Department, December 18, 1931.

*Max Rothenberg* of counsel [*Samuel Edelstein* with him on the brief], for the petitioner.

*Milton I. Hauser* of counsel [*J. Joseph Lilly* with him on the brief; *Arthur J. W. Hilly, Corporation Counsel*], for the defendants.

SHERMAN, J. Petitioner moved for a peremptory order of mandamus directed to defendants, the department of health of the city of New York and the board of health of the city of New York, requiring them forthwith to rescind the revocation of petitioner's permit to conduct the wholesale and retail milk business and to reinstate the permit. That application was denied *in toto* at Special Term, whose order was modified by this court and an alternative mandamus order thereupon issued (229 App. Div. 854, 855).

The return filed thereto denies the material allegations of the petition and states two separate and distinct defenses. Petitioner's motion to strike out the first separate defense as insufficient has been denied, but its motion to strike out the second separate defense as insufficient in law has been successful.

Cross-appeals present for decision the sufficiency of both defenses. The first separate defense states that the board of health is vested with power to issue permits to sell and deliver milk and milk products in the city of New York; that petitioner held such a permit and subsequently inquired of respondents whether there would be any objection to one William Smith becoming interested in its business, as the owner of shares of stock; that petitioner was then informed that while there was no objection to his owning shares of stock, under no circumstances would said Smith be permitted to participate in the conduct and management of the business. It is averred that Smith bore a bad reputation in the milk business because of his connection with certain corporations which had been engaged in that business, whose permits had been revoked and one of which had been convicted on forty-five occasions, within a period of two years, of violating sections of the Sanitary Code of the City of New York and the rules and regulations governing the sale and handling of milk and milk products. The grounds of such revocations, embracing adulteration of milk and falsifying of records, are set forth, accompanied by the statement that Smith had been connected with these corporations upon those occasions. It is averred that more recently Smith participated in the management of petitioner's milk business, and that petitioner had been notified that his active connection with it must cease, whereupon assurances

were given that Smith would no longer be actively engaged in its business. Subsequently Smith was again found to be in charge of petitioner's milk depot, conducting its business. Thereupon after a hearing petitioner's permit was revoked.

Clearly the first separate defense is sufficient in law for, if proved, the action of the public authority could not be held to be arbitrary, tyrannical or unreasonable. (*People ex rel. Lodes* v. *Department of Health*, 189 N. Y. 187.)

The second separate defense pleads that after petitioner's milk permit had been revoked it reapplied for a permit which was issued, Smith having theretofore ceased to be connected with petitioner; that it held such permit until it transferred its business to a successor or affiliated corporation to which the permit was issued.

The theory of this defense is that Smith having been eliminated from participation in the petitioner's business and petitioner having thereupon secured the milk permit, to obtain which this proceeding was instituted, the questions raised by petitioner have become moot.

No order of peremptory mandamus can issue to require respondents to do what they have already done, viz., issue a permit to petitioner. That these averments set forth facts which have arisen since defendants denied petitioner's earlier application for a permit will not prevent their consideration upon the trial. Consequently their inclusion in the return was proper. There is no rule requiring that the only facts in a return upon which a defense can be based must have occurred at or before the time when the officer or board whose decision is sought to be reviewed, acted. (*Matter of Fuchs* v. *First Dobromiler S. & B. Assn.*, 217 App. Div. 399; *Matter of Ovens* v. *Marks*, 173 id. 138.)

Accordingly we hold that each affirmative defense is sufficient in law. Consequently the resettled order entered November 19, 1930, and the order entered November 10, 1930, so far as appealed from, should be modified by denying the motion to strike out the second defense, and as so modified affirmed, with ten dollars costs and disbursements to the defendants.

FINCH, P. J., O'MALLEY and TOWNLEY, JJ., concur; MERRELL, J., dissents and votes to affirm.

Orders so far as appealed from modified by further denying motion to strike out the second defense, and as so modified affirmed, with ten dollars costs and disbursements to the defendants.