◾ In the Matter of SOCIETY KING JOHN III SOBIESKI, LODGE NO. 43, et al., Appellants, v. POLISH NATIONAL ALLIANCE OF THE UNITED STATES OF NORTH AMERICA, Respondent.— In a proceeding under article 78 of the former Civil Practice Act, to review and to annul a determination of the respondent Polish National Alliance of the United States of North America, refusing to confirm the election of petitioner Bilski to the office of financial secretary of one of the respondent's chartered subordinate lodges (Lodge No. 43), and for other relief, the petitioners appeal from an order of the Supreme Court, Kings County, made October 14, 1963 on respondent's motion, which dismissed the petition as insufficient in law. Order affirmed, with $10 costs and disbursements. On May 11, 1962, the petitioner Bilski was suspended, on charges of misconduct, from the office of financial secretary of a subordinate lodge of the respondent Alliance, to which he had been elected for a term commencing January 1, 1962. Simultaneously, he was also suspended from office as an " organizer " for respondent, which office he had held since 1957 and which entailed the solicitation of purchasers for life insurance issued by respondent, for which he (Bilski) received remuneration. A hearing upon the charges had been conducted before an investigating committee of respondent's board of directors. Subsequently, in April, 1963, respondent's board of directors, accepting an adverse report of its investigating committee, upheld Bilski's prior suspension and refused to confirm his re-election as financial secretary for a one-year term commencing January 1, 1963. Reinstatement of Bilski to the 1962 term of office is impossible in this proceeding, commenced as it was in August, 1963. Hence, a special proceeding may not be brought to compel such reinstatement (*Bingham* v. *Bessler,* 10 A D 2d 345; *Matter of Ovens* v. *Marks,* 173 App. Div. 138). So, too, the expiration of the 1963 term has rendered the present appeal academic in that respect; and, reinstatement being the primary relief sought, an award of damages is unavailable (CPLR 7806). With respect to Bilski's suspension as an organizer in May, 1962, review by special proceeding is barred by the four-month Statute of Limitations. We do not pass upon the availability of relief by plenary action. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.