THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS SCHULTS, Respondent, *v.* FRANK LOVE, President, and JOHN P. COYNE, Recording Secretary of Local Union No. 184, of the International Union of Steam and Operating Engineers, an Unincorporated Association Consisting of More Than Seven Members, Appellants.

First Department, February 10, 1922.

Trade unions — associations — order for peremptory writ of mandamus reinstating suspended member of trade union and order of reference to ascertain damages reversed — appeal — objection to organization of meeting of union at which trial was had cannot be raised for first time on appeal — mandamus does not lie to enforce private right — suit in equity proper remedy.

A member of Local Union No. 184 of the International Union of Steam and Operating Engineers, a voluntary unincorporated association, may be suspended by the president for an indefinite period, where he has been tried by the union on charges pursuant to the provisions of its constitution and convicted by a majority vote, a three-fourths vote not being necessary.

Hence, an order for a peremptory writ of mandamus directing reinstatement of the relator who was thus suspended, and an order of reference

to ascertain the damages resulting from the suspension must be reversed and the motions for such orders denied.

An objection that the trial was conducted before an illegally organized meeting cannot be raised for the first time on appeal.

*It seems,* that a suit in equity was the proper remedy as mandamus does not lie to enforce a mere private contract right or duty such as is owing to a member of such an unincorporated association.

APPEAL by the defendants, Frank Love and another, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of December, 1921, granting relator's motion for a peremptory order of mandamus for his reinstatement as a member of Local Union No. 184 of the International Union of Steam and Operating Engineers, and also from an order entered in said clerk's office on the same day granting relator's motion for an order of reference to ascertain the damages sustained by him by reason of his suspension from said union.

*Joseph L. Zoetzl,* for the appellants.

*Cornelius Huth* of counsel [*Isador M. Katz* with him on the brief], for the respondent.

LAUGHLIN, J.:

The defendant Local Union No. 184 of the International Union of Steam and Operating Engineers is a voluntary, unincorporated association within this jurisdiction consisting of more than seven members and is a local branch of the International Union of Steam and Operating Engineers which is a foreign corporation affiliated with the American Federation of Labor. Relator was a member of the local union and pursuant to its constitution and general laws he was duly summoned before the union to answer charges, that at a meeting of the union, he charged an officer thereof with owing him $1,200, and announced that he intended to present the matter to the district attorney and also charged that the officer had been guilty of unlawful and illegal acts with respect to a strike in which the members of the union were interested. He appeared and was duly tried by the union on the charges which he substantially admitted, and admitted that he had made them through anger and without justification. He

made no objection to the organization of the meeting at which he was tried. He was found guilty by a majority but not by a three-fourths vote, and the president of the union thereupon suspended him for an indefinite period. As authorized by the constitution and general laws, he took an appeal to the general executive board of the international union and his appeal was denied. He has been reinstated by the first order from which the appeal is taken on the theory that a three-fourths vote was required for his removal.

Section 1, article 4 of the constitution and general laws for the government of the union provides that the local union shall have power to discipline its officers and members and that charges may be preferred against a member for a violation of the constitution or by-laws or for an injury to a brother member by word or deed and especially for acts detrimental to the union and for conduct unbecoming a member thereof. Section 2 provides that the member must be charged and tried within the jurisdiction of the local union where the offense was committed and that any local union may suspend or expel a member by a three-fourths vote " when the evidence is plain and the circumstances require immediate action." This section evidently was intended to authorize a summary suspension or expulsion, before, at least, if not without a formal trial, where the evidence is clear and an immediate action was deemed necessary. Section 3 regulates the making of charges against a member, the service thereof, and of notice of hearing thereon, and section 4 provides that " When charges are to be tried," indicating, I think, that when there has been a suspension or expulsion by a three-fourths vote the charges need not be tried, the complainant and defendant may conduct their own case or may have counsel and that after hearing, a vote shall be taken on the question as to whether the member is guilty and provides how it shall be taken and that a *majority vote* shall be necessary to convict, and that upon conviction the president shall prescribe the penalty to be imposed and provides for an appeal in the union, which the relator took. This being a voluntary unincorporated association, it was entirely competent for the union to provide, as was here provided, for a suspension or expulsion of a member

by summary action and without formal trial and to provide that where there is a formal trial on the charges, a majority vote should be sufficient to convict the member and to leave the punishment to the discretion of the president. The relator claims that the election of the officers who presided at his trial was by referendum and for that reason unauthorized, and that, therefore, the trial was conducted before an illegally organized meeting; but the officers were *de facto* officers and he interposed no objection at the time and, therefore, even if such objection would have been of any avail he cannot now complain. (*People ex rel. Brewster* v. *Old Guard*, 87 App. Div. 478; affd., 178 N. Y. 576.) I am of opinion also that if the relator had any just ground upon which to complain of his trial or of his suspension, he should have resorted to a suit in equity, for mandamus only lies against a corporation or to enforce a statutory right as distinguished from a mere private contract right or duty which is the only right of or duty owing to a member of such an unincorporated association. (*Matter of Weidenfeld* v. *Keppler*, 84 App. Div. 235; affd., on opinion of Appellate Division, 176 N. Y. 562.) It follows that the orders should be reversed, with ten dollars costs and disbursements, and motions denied, with ten dollars costs.

CLARKE, P. J., DOWLING, PAGE and MERRELL, JJ., concur.

Orders reversed, with ten dollars costs and disbursements, and motions denied, with ten dollars costs.