LINCOLN JOSE et al., Plaintiffs, *v.* JOHN J. SAVAGE et al., Defendants.

Supreme Court, New York Special Term, June 2, 1924.

**Labor unions — action by suspended members of carpenter union to compel reinstatement — plaintiffs charged with preferment of charges against officers of their local union — trial committee had no valid existence — so-called judgment of suspension void where there was no trial before legally constituted committee pursuant to constitution and by-laws of district council of union.**

A so-called judgment suspending the plaintiffs, members of a local union of the United Brotherhood of Carpenters and Joiners of America, after a hearing to determine charges filed against them for preferment of charges against their officers, a violation of the union's " trade rules," is void and without effect, where it appears that the constitution and the by-laws of the district council provide that a trial committee of eleven members shall have jurisdiction to try a member of the union for all violations of the trade rules; and that three district delegates of the union, who never were elected or appointed to the trial committee, sat upon the committee and concurred in its decisions, since the committee as constituted had no valid legal existence.

ACTION to compel reinstatement of member of labor union.

*Kohn & Livingston,* for the plaintiffs.

*Charles M. Beattie,* for the defendants.

PROSKAUER, J. Plaintiffs were members of Local Union 585, United Brotherhood of Carpenters and Joiners of America, an unincorporated association. At a meeting of their " local " they filed charges of misconduct against the president and other officers. The president forbade the reading of the charges, threatened retaliation and immediately thereafter caused to be filed against plaintiffs charges based on general provisions of by-laws and constitution prohibiting injury to the reputation of a fellow-member, conduct prejudicial to harmony or slander of an officer. The specifications were that they had by misrepresentation requested of the financial secretary of their " local " an inspection of his books and that they had made false charges against their officers. Substantially their alleged offense was the preferment of these charges against their officers. The constitution provides for trials by either the " local " itself or by the district council (§ 55) and that the district council shall have jurisdiction to try a member for all violations of " trade rules." § 26. The " trade rules " are regulations for working, excepting only section 18, which states that no member shall do anything detrimental to his fellow-craftsmen, officers or representatives. Fairly read with its

context this rule refers to acts in connection with the member's occupation; but, evidently desiring to remove the trial from the " local " to the district council, defendants proceeded to try plaintiffs before the district council by virtue of its provisions. After the so-called trial plaintiffs were suspended for a year and fined fifty dollars. The only proof against them was the filing of the charges against their officers.

The great importance of labor unions in contemporary economic life requires that, for the sake of the public, of their own members, and of the institution itself, their affairs should be conducted with decent regard for the rights of their members. The procedure of these defendants was tyrannical and sinister. Instead of meeting the charges against themselves, they tried to destroy these plaintiffs for their temerity in making the charges. Equities most persuasive in plaintiffs' favor, therefore, prompt the court to find a legal ground upon which to give redress.

Whether the district council had jurisdiction at all is open to serious question. Certainly it could act only in strict accordance with the by-laws. The by-laws of the district council (§ 27) provide that a trial committee of eleven members shall be elected at the first meeting in July. At the July meeting prior to the trial eleven men were elected. Three of them did not sit upon this trial committee and three others who were never elected did sit. Defendants claim that the terms of office as district delegates of the three elected had expired and their successors as district delegates from their respective locals sat in their place. Succession as delegate, however, did not mean *ipso facto* succession on the trial committee. There were approximately thirty locals and only eleven members of the trial committee. The vacancies on the trial committee caused by the expiration of the term of these three men were thus never legally filled. The three claiming to fill them were never appointed or elected to the so-called trial committee and the committee, therefore, had no valid existence.

Defendants argue that plaintiffs should have availed themselves of their right of appeal under the constitution. There was nothing from which to appeal. There was no trial before a legally constituted committee and the so-called judgment was wholly void.

Judgment for plaintiffs.

**Judgment accordingly.**