[Civ. No. 5452.   Third Appellate District.—March 24, 1936.]

A. T. STEWART, Appellant, v. ALVA LEASURE, et al., Respondents.

Stewart & Stewart for Appellant.

Harry K. Cohen and Irving Shore for Respondents.

TUTTLE, J., *pro tem.*—By this action plaintiff seeks to have a chattel mortgage declared null and void, and to have

it adjudged that defendants have no right, title or interest in the personal property described therein. Plaintiff now appeals from a judgment in favor of defendants.

The complaint sets out a lease between plaintiff, as lessor, and defendant Alva Leasure, as lessee, covering certain real property in the county of Los Angeles, and alleges that during the term of the lease certain fixtures were placed upon the premises, and that under the terms of said lease, said fixtures became part of the real property; that said fixtures could be removed by the lessee in the event that he complied with all the terms of the lease; that at the date of the termination of the lease, there was due plaintiff the sum of $650 as rental for said premises; that the fixtures are still upon the property; that thereafter, in fraud of plaintiff, and with intent to defraud plaintiff of said fixtures and improvements, defendants mentioned executed a chattel mortgage in favor of defendant Toney, covering said fixtures.

The clause in the lease which is at the bottom of the controversy reads as follows:

"Any and all improvements and equipment for the operation of business to be conducted upon said premises shall be understood to be appurtenant to and treated as affixed to the land, and a part thereof, provided only that it is agreed that lessee may, at the end of the term hereof and performance by him of all things herein required to be performed by him, remove any and all said equipment except only cement and similar work and structures; and it is agreed that if any rent shall be due and unpaid, or if default shall be made in any of the covenants herein contained, then it shall be lawful for the lessors to re-enter said premises and remove all persons therefrom, and the said lessee agrees to quit and deliver up said premises to the lessors peaceably and quietly at the end of said term in as good order and condition as the same are now or may be put into."

The trial court found the lease was executed as alleged, and that at the termination thereof the sum of $650 was due plaintiff as rental, and the further sum of $51 was also due for taxes paid by plaintiff on said fixtures and improvements. The following findings were also made:

"IV.

"That the said lease was in writing and contained a forfeiture clause providing that the plaintiff could declare a

forfeiture of all fixtures installed on the said premises in the event that any or all obligations of the lease should remain unperformed at the expiration of the period of said lease.

"V.

"That at the termination of the said lease, plaintiff (lessor) did not insist on the forfeiture clause as provided for in the said lease, but instead allowed the defendant to make new arrangements with a new lessee, and claimed a mere right to the amount due at that time and nothing more."

The court also found that the said mortgage was executed in compliance with section 3440 of the Civil Code, and that there was no fraudulent intent on the part of any of the parties, and that the mortgage was made in good faith and for a valuable consideration. The judgment was that plaintiff take nothing by reason of his complaint. The only attack made upon the judgment is the insufficiency of the evidence to support the three findings last above mentioned.

The improvements mentioned were installed by the lessees in connection with their business of running a "gas station", and consisted of a small building, tanks, pumps and similar equipment.

Appellant contends that the legal effect of the clause quoted was to vest in him the absolute title to the property, subject to the right of the lessee to redeem upon payment of the rent reserved, prior to or at the time the lease expired. It has been held that where a lease provides that the landlord shall be the owner of all crops until the rent has been paid, such agreement must be construed as intending to give security to the landlord for the rental, and to create a lien upon the crops. (*Ferguson* v. *Murphy,* 117 Cal. 134 [48 Pac. 1018].) The court there held that it was an attempt to obtain the advantages of a chattel mortgage without complying with the provisions of the statute upon the subject. In our opinion the instant lease should be subject to the same rule of construction, and that plaintiff had a lien upon the property, but was not the absolute owner of the same, and could not become so until he had taken the necessary steps to foreclose such lien.

The finding that plaintiff had lost his right to enforce his lien is not supported by the evidence. The court merely finds that plaintiff did not "insist upon a forfeiture" at the termination of the lease. As we view it, the remedy of plain-

tiff was not the insisting upon a forfeiture, but the foreclosure of his lien, a step which he could take at any time prior to the expiration of the statute of limitations. The "arrangements for a new lease" referred to in the findings arose out of negotiations with Richfield Oil Company for a lease on the premises. These lasted several months, and the intent was to settle the controversy. It was there suggested by plaintiff that defendant lessee give him a chattel mortgage for the accrued rental. Plaintiff called upon the lessee several times and presented a note and mortgage for signature. The last time he called the lessee told him he had executed a chattel mortgage upon the property to defendant Toney, for $750. None of this was paid upon the rental due. The only evidence in the record from which the court could have found that plaintiff waived his right to his lien was the request that the lessee sign a chattel mortgage. On the other hand, there is the testimony of plaintiff "that Leasure owed money to him, and that the fixtures and improvements secured it". It must be remembered, however, that the court made no findings of such a waiver, or of sufficient facts which would constitute a waiver. In the case of *First Nat. Bank* v. *Maxwell*, 123 Cal. 360 [55 Pac. 980, 69 Am. St. Rep. 64], it was held that where a creditor, with knowledge of a prior fraudulent conveyance of the debtor, accepted from the latter a mortgage upon other property covering the amount of the indebtedness, such conduct on the part of the creditor will not amount to a waiver of his right to attack such conveyance. The court states the rule as follows: "To make out a case of abandonment or waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such purpose, or acts, amounting to an estoppel on his part." We therefore hold that, assuming the finding can be construed as a waiver of plaintiff's right to a lien, the evidence is clearly insufficient to support such finding.

While the court found that none of the parties was guilty of fraud, the conduct of the lessee is far from commendable. When plaintiff requested him to sign the chattel mortgage covering the property, the lessee replied that he could not because the Richfield Oil Company would not allow him to do so. After plaintiff had induced the oil company to release a chattel mortgage which the lessee had given them, plaintiff again called upon the lessee and the latter informed him that

he had given a chattel mortgage to defendant Toney. Though the lease stated in effect that the property belonged to plaintiff, the lessee walked out owing the sum of $700 to plaintiff, and proceeded to execute a chattel mortgage to a third party, whereby he procured the sum of $750, no part of which was paid to plaintiff. This is an equitable proceeding, and it may be observed that the record shows that every equity is upon the side of plaintiff, as against the defendant lessee. ▮ The lease gives the plaintiff the right to take possession of the property in the event the rent was not paid, and as it is admitted, and the court found that the rental and taxes advanced had not been paid when the lease expired, it follows that the lessor is entitled to possession of the property, as such instrument was, between the parties, in the nature of a chattel mortgage, and the mortgagor had defaulted. In the case of *Wixom* v. *Davis*, 57 Cal. App. 620 [207 Pac. 694], it was held that after the debt, secured by a chattel mortgage, has become due, the mortgagee is entitled to the possession of the mortgaged property, although there was no express provision in the mortgage giving the mortgagee such right. It follows as a conclusion of law that plaintiff is entitled to such possession.

▮ As to the finding respecting the chattel mortgage, it is supported by the evidence. The mortgagee was acting in good faith, and there was a valuable consideration. "Reserving a lien for rent on chattels located on leased premises will give the landlord a prior claim thereto, unless at the time the property is brought on the premises it is subject to a valid mortgage, but such reservation in favor of the landlord is in effect a mortgage and must be recorded to be effectual against a subsequent mortgage in ordinary form, unless the subsequent mortgagee has notice of the reservation in the unrecorded lease." (11 C. J., p. 656, par. 404.) This rule assumes, of course, that the lease must be executed according to the law governing chattel mortgages when it is so recorded. In the instant case, the lease was not so executed, nor was it recorded, nor was it contended that the mortgagee had actual notice of the provision in the lease.

▮ It is contended that the mortgage was not valid for the reason that it was not executed according to section 3440 of the Civil Code. Appellant points out that the amount of the loan was paid over before the notice required by law was

recorded. The position of appellant is that this section requires that the "consideration" be actually paid on the date given in the notice, as it is provided that the notice state "the date when the place where the purchase price or consideration, if any there be, is to be paid". No authorities are cited by appellant. We are of the opinion that where such a mortgage is given to secure a loan already made, the portion of the section quoted is not applicable. The point is without merit. It follows that the finding and judgment in favor of defendant Toney cannot be disturbed.

As to the other defendants, it is ordered that the findings be modified by striking out paragraphs numbered V and VI.

It is further ordered that the conclusions of law as to paragraph I thereof, be modified to read as follows:

"That plaintiff has a valid lien upon the fixtures and improvements described in the complaint, and is entitled to the possession of said property, subject, however, to the lien of the chattel mortgage executed in favor of defendant, Mrs. J. R. Toney, and said mortgage is hereby declared to be valid." And paragraph II is modified to read as follows: "Defendants are entitled to their costs of suit."

The judgment is modified as follows: In lieu of the second paragraph thereof, commencing with the word "Wherefore", insert the following: "Wherefore, by reason of the law and the findings of fact aforesaid, it is ordered, adjudged and decreed that plaintiff has a valid lien upon the fixtures and improvements described in the complaint, and is entitled to the possession thereof, but that such lien is subject to the lien of the chattel mortgage executed in favor of defendant, Mrs. J. R. Toney, and said mortgage is declared to be valid, and that judgment be entered against plaintiff for the cost of suit in the sum of $22.38."

As so modified, the findings, conclusions of law and judgment are affirmed, each party to pay his own costs on this appeal.

Thompson, J., and Pullen, P. J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 21, 1936.