[Civ. No. 14359.   First Dist., Div. Two.   Aug. 1, 1950.]

ALEX HARRIS et al., Respondents, v. NATIONAL UNION OF MARINE COOKS AND STEWARDS (an Unincorporated Association) et al., Appellants.

Gladstein, Andersen, Resner & Sawyer, George R. Andersen and Ewing Sibbett for Appellants.

Aaron Sapiro and G. C. Ringole for Respondents.

DOOLING, J.—Plaintiffs were members of defendant union and were purportedly expelled. The trial court issued a writ of mandate commanding their restoration to the union and awarding them damages for their loss of earnings which resulted from the orders expelling them. From this judgment the defendants have appealed.

Plaintiffs were members of a minority group in the union who opposed the adoption of a new constitution. They joined with an expelled member of the union to publish a paper which was extremely outspoken in its criticism of the union's officers and its activities. Written charges were filed against them which resulted in their expulsion by vote of the members.

The constitution of the union then in effect contained the following pertinent provisions:

"Article VIII, Section 1. In case of an accusation brought by one member against another, the membership shall elect a committee of five (5) members, two (2) of whom, in so far as possible, shall be of the same classified grade as the accused, the balance to be selected at large, whose duty it shall be to investigate and try such charges and report their findings together with recommendations for disposition of the case at the next regular meeting of the Headquarters or Branch electing such committee. The punishment to be administered shall be finally determined by the decision of such meeting at Headquarters or at Branches except as otherwise provided in this Constitution. . . .

"Article XIV, Section 5. Members may be expelled from this Union only by vote of a Supreme Quorum, after such action has been recommended by a Trial Committee. To expel a member requires a two-thirds majority of the Supreme Quorum."

As to three of the plaintiffs, Harris, Kaplan and Antons, we need go no further than the first sentence of article XIV, section 5 above quoted to find ample support for the judgment. A majority of the trial committee did not recommend the expulsion of these three. Their expulsion was recommended in a minority report signed by only two of the committee's five members. The provision quoted is clear: "Members may be expelled from this Union only . . . after such action has been recommended by a Trial Committee."

The union voted to substitute the minority report for the majority report and to concur therein. That this was a viola-

tion of the rule making the recommendation of a trial committee a condition precedent to expulsion is so clear that further comment is unnecessary. The fact that under the by-laws Robert's Rules of Order were adopted as the standard of procedure and that those rules provide for the adoption of a minority report cannot change the plain requirement of the constitution nor convert by procedural sleight of hand the minority report into the recommendation of the committee which the constitution requires.

The constitution of the union constitutes a contract with the members and is the measure of the authority conferred upon the organization to expel or otherwise discipline them. (*Smetherham* v. *Laundry Workers' Union,* 44 Cal. App.2d 131, 136-137 [111 P.2d 948]; *Dingwall* v. *Amalgamated Assn. etc.,* 4 Cal.App. 565, 569 [88 P. 597]; *Bush* v. *International Alliance,* 55 Cal.App.2d 357, 364 [130 P.2d 788]; *Weber* v. *Marine Cooks' & Stewards' Assn.,* 93 Cal. App.2d 327, 334-335 [208 P.2d 1009].)

Appellants argue that plaintiffs did not exhaust their remedies within the union before appealing to the courts. They rely on section 7, article XIV of the constitution, which reads:

"No member expelled from this Union shall be reinstated to membership except by a referendum vote of Headquarters and Branches taken at three (3) consecutive regular meetings."

Rather than supplying a remedy for a wrongful expulsion this section imposes a strict limitation on the manner in which a member who has been once expelled may thereafter be reinstated to membership. It offers no relief to the wrongfully expelled member, but seems designed instead to make it difficult for a rightfully expelled member to regain his lost membership. In order to avail themselves of this section the expelled members must recognize the validity of their expulsion and ask for reinstatement. We agree with plaintiffs that this section provides a penalty (it appears in an article headed "Fines and Punishments") and may not properly be considered a remedy within the meaning of the rule that a member must exhaust his remedies within the association before appealing to the courts.

Furthermore this case falls within the rule announced in *Weber* v. *Marine Cooks' & Stewards' Assn., supra,* at page 338 of 93 Cal.App.2d that "where an organization has violated its own laws and arbitrarily violated a member's property

rights the rule of exhaustion of remedies by appeal to a higher body within the organization need not be adhered to before direct resort to a judicial tribunal.''

The suggestion that the expulsion must be upheld, however much the procedure violated the rights guaranteed to the members by the constitution, under the rule of *Neto* v. *Conselho Amor etc.*, 18 Cal.App. 234 [122 P. 973] is answered by the fact that in the Neto case a member was forbidden to belong to a rival society under express penalty of expulsion and the plaintiff even at the trial in which she sought reinstatement persisted in her intention to retain her membership in the rival organization. There the only penalty provided was expulsion and plaintiff's persistence in violating the rule being clear the court saw no purpose to be served in reinstating her. Here, conceding but not deciding, that plaintiffs' conduct justified discipline, that discipline might be less drastic than their expulsion. Indeed under section 5, article XIV it must needs be something less drastic than expulsion as to the three plaintiffs because the trial committee did not recommend expulsion in their case as required by the express language of that section.

As to the other two plaintiffs it is admitted that the trial committee which heard the charges against them was not elected by the union as expressly required by section 1 of article VIII above quoted. The original members of that committee were drawn by lot and later some members were succeeded on the committee by others who were selected by a single officer of the union. The provision of the constitution that ''the membership shall elect a committee'' is too clear to need construction and was as clearly violated. No custom of the union to choose the committee in another fashion can alter the plain meaning of the plaintiffs' contract right to be tried by a committee *elected by the membership*. A clearly erroneous administrative construction of a definite and unambiguous provision of the constitution cannot operate to change its meaning. (See *Trabue Pittman Corp.* v. *County of Los Angeles*, 29 Cal.2d 385, 399 [175 P.2d 512]; *Twaits* v. *State Board of Equalization*, 93 Cal.App.2d 796, 801 [210 P.2d 40]; *Connell* v. *Stalker*, 21 Misc. 609 [48 N.Y.S. 77, 79].)

The claim that plaintiffs waived the right to trial by a properly constituted trial committee by failure to object, and in the case of one plaintiff to appear, is not now open to

appellants. Waiver is an affirmative defense which is itself waived if not pleaded in the answer. (*Pohle* v. *Christian,* 21 Cal.2d 83, 90 [130 P.2d 417] ; *Mitchell* v. *Cheney Slough Irr. Co.,* 57 Cal.App.2d 138, 144-145 [134 P.2d 34] ; *Wood* v. *Jotham Bixby Co.,* 29 Cal.App.2d 294, 299 [84 P.2d 204] ; *Wienke* v. *Smith,* 179 Cal. 220, 225 [176 P. 42].)

■ Plaintiffs' right to damages for loss of anticipated earnings is clear. (*Dotson* v. *International Alliance etc. Employes,* 34 Cal.2d 362, 374-375 [210 P.2d 5] ; *Smetherham* v. *Laundry Workers' Union, supra,* 44 Cal.App. 2d 131, 139.) Appellants are in no position to complain that it is not certainly established by the evidence that if plaintiffs had not been expelled from the union their employment would have been continuous. "One whose wrongful conduct has rendered difficult the ascertainment of the damages cannot escape liability because the damages could not be measured with exactness." (*Zinn* v. *Ex-Cell-O Corp.,* 24 Cal.2d 290, 297-298 [149 P.2d 177].)

■ We find no merit in the suggestion that the court was without jurisdiction to award damages for the period after August 22, 1947, the effective date of the Taft-Hartley Act. The damages were the result of a completed wrong, the illegal expulsion of the plaintiffs, and incidental to the court's admitted jurisdiction to give judicial relief for that wrong. The expulsions occurred, the wrong was complete and the action was filed all in 1945, long before the adoption of the Taft-Hartley Act.

Judgment affirmed.

Nourse, P. J., and Goodell, J., concurred.

A petition for a rehearing was denied August 31, 1950, and appellants' petition for a hearing by the Supreme Court was denied September 25, 1950.