[Civ. No. 15246.   First Dist., Div. Two.   Feb. 27, 1953.]

JAMES HOPSON, Respondent, v. NATIONAL UNION OF MARINE COOKS AND STEWARDS, Appellant.

321

Gladstein, Andersen & Leonard for Appellant.

Aaron Sapiro, G. C. Ringole and Allan L. Sapiro for Respondent.

PATTERSON, J. pro tem.—Plaintiff was a member of the defendant union and was purportedly expelled. Defendant appeals from a judgment in a mandamus proceeding directing the reinstatement of plaintiff in the union and awarding him damages for loss of earnings which resulted from the expulsion.

The plaintiff joined with other members of the union in opposing the adoption of a new constitution. This group published a paper which was highly critical of the union's officers and their conduct of the union. As a result of this, charges were filed against the plaintiff and he was expelled from the union. The court found that the trial committee was not drawn in the manner provided in the constitution of the union. The provisions of the constitution read as follows: "Article VIII. Section 1. In case of an accusation brought by one member against another, the membership shall elect a committee of five (5) members, two (2) of whom, in so far as possible, shall be of the same classified grade as the accused, the balance to be selected at large, whose duty it shall be to investigate and try such charges and report their findings together with recommendations for disposition of the case at the next regular meeting of the Headquarters or Branch electing such committee. The punishment to be administered shall be finally determined by the decision of such meeting at Headquarters or at Branches except as otherwise provided in this Constitution. . . .

"Article XIV. Section 5. Members may be expelled from this Union only by vote of a Supreme Quorum, after such action has been recommended by a Trial Committee. To expel a member requires a two-thirds majority of the Supreme Quorum."

Instead of the trial committee being elected as required by the union constitution, it was drawn by lot. The committee was the same committee, appointed at the same time, and drawn in the same manner, as that which heard the charges against two of the defendants in *Harris* v. *National Union Etc. Cooks & Stewards,* 98 Cal.App.2d 733 [221 P.2d 136]. The court there disposed of defendant's contention that the committee was properly drawn in the following language: "As to the other two plaintiffs it is admitted that the trial committee which heard the charges against them was not elected by the union as expressly required by section 1 of article VIII above quoted. The original members of that committee were drawn by lot and later some members were

succeeded on the committee by others who were selected by a single officer of the union. The provision of the constitution that 'the membership shall elect a committee' is too clear to need construction and was as clearly violated. No custom of the union to choose the committee in another fashion can alter the plain meaning of plaintiffs' contract right to be tried by a committee *elected by the membership*. A clearly erroneous administrative construction of a definite and unambiguous provision of the constitution cannot operate to change its meaning.''

Defendant seeks to distinguish this case from *Harris* v. *National Union Etc. Cooks & Stewards, supra,* on the grounds that the impropriety in the selection of the trial committee was waived by the failure to object either at the time of its selection or at the time the plaintiff first appeared before it. After the committee was selected by lot the chairman announced that this was the committee as elected and if there was no objection it would be the trial committee. The contention is that the plaintiff being present should have objected and his failure to do so constituted a waiver. ■ A waiver is defined in *Bastanchury* v. *Times-Mirror Co.,* 68 Cal.App. 2d 217, 240 [156 P.2d 488] as ''the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right and may result from an express agreement or be inferred from circumstances indicating an intent to waive.'' ■ The record shows that the plaintiff was a man of limited education and had difficulty in understanding even rather simple terms. It would be manifestly unjust to find that through a technical parliamentary maneuver the plaintiff has relinquished a substantial right affecting his livelihood and which the record does not disclose he knew he was relinquishing.

■ Plaintiff appeared before the committee at the time appointed but refused to proceed because there were only three members present. He claimed the constitution required the presence of five members. He left and returned the next day and again refused to proceed for the same reason, there being only three members of the committee present. No witnesses were called by the committee. The committee did recommend expulsion. It is urged that three members of the committee constituted a quorum legally entitled to act. When the plaintiff objected to a trial by the committee solely because there were not five members present, it is claimed he thereby waived any other objection which he might have as

to the manner in which the committee was selected. This does not follow. His objection to being tried by this committee on one ground would not necessarily constitute a waiver of his right to object on other grounds. The defendant has cited cases for the rule that where a party submits himself to the jurisdiction of a committee which is improperly selected and is tried by it without objection, he may not later complain. These cases are not in point here because the plaintiff did object to the committee and did not submit to its jurisdiction. ██ ''To make out a case of abandonment or waiver of a legal right there must be a clear, unequivocal, and decisive act of the party showing such purpose, or acts, amounting to an estoppel on his part.'' (*Stewart* v. *Leasure*, 12 Cal.2d 652 [55 P.2d 917]. ██ Waiver is ordinarily a question of fact. (*Lyons* v. *Brunswick-Balke Etc. Co.*, 20 Cal.2d 579, 583 [127 P.2d 924, 141 A.L.R.2d 1173].) The circumstances disclosed by the record support the trial court's finding that the defendant did not waive his right to a trial before a committee elected in accordance with the provisions of the union constitution.

Defendant further claims that the action is barred by laches. The plaintiff was expelled on September 27, 1945, and filed his petition for a writ of mandate six days short of four years from the date of his expulsion. In December, 1945, he placed the matter in the hands of his attorney, John A. Foley. Mr. Foley advised him that he would have to look into the case and see what could be done. Thereafter the plaintiff was at sea on various voyages and spent some time on the Island of Guam. In September, 1947, he returned to San Francisco and Mr. Foley advised him that the Harris case was being litigated and he was waiting the outcome of this case. He again went to sea. On some of the occasions when he returned from sea he saw his attorney, and on some occasions he was unable to see him. In August or September, 1949, he was advised that Mr. Foley had died. He thereupon employed his present attorneys who without delay filed this action within the four-year period and before the final determination of the Harris case. ██ We think it clear that in a mandamus proceeding relief may be denied upon the ground of laches. (*Griffin* v. *International Longshoremen's & W. Union*, 109 Cal.App.2d 823 [241 P.2d 552].) ██ However, ''speaking generally, we think it must be said that there is no hard-and-fast rule as to the length of time that would bar such an action as this, that much depends upon the

peculiar circumstances of the case; that a large discretion is confided to the trial judge, and the disposition of an appellate court is, and should be, to respect that discretion and not to interfere with his conclusion unless manifestly injustice has been done." (*Pratt* v. *Pratt*, 43 Cal.App. 261, 279 [184 P. 956].)　■　The application of the doctrine is stated in *Newport* v. *Hatton*, 195 Cal. 132, 147 [231 P. 987] as follows: "Each case where laches is depended upon must rest upon its own facts. It is difficult to state as a general proposition what period will bar relief . . . and there is wide scope for the exercise of the discretion of the chancellor. (*Dufour* v. *Weissberger*, 172 Cal. 223, 225 [155 P. 984]; 10 Cal.Jur., p. 526, par. 64.)　■　Where an express statute of limitations applies to a suit in equity, mere delay to commence a suit for a period less than that of the statute of limitations is never a reason for dismissing the proceeding, and a party cannot be refused a hearing if he shall bring his action within the prescribed period. (*Lux* v. *Haggin*, 69 Cal. 255, 267 [4 P. 919, 10 P. 674].)　■　It is well settled, however, that courts of equity will often refuse relief if there has been such delay and passive neglect on the part of the complainant as, coupled with facts amounting to acquiescence in the acts complained of, will render the granting of the relief inequitable. (*Stevenson* v. *Boyd*, 153 Cal. 630, 636 [96 P. 284, 19 L.R.A.N.S. 525].)　■　In determining whether or not the delay has been unreasonable, regard will be had to any circumstances which justify the delay, to the nature of the case and the relief demanded, and to the question whether the rights of the defendants, or of other persons, have been prejudiced by the delay."　■　The precise issues involved in the plaintiff's case, except for the amount of damages, were being litigated in the Harris case. It would not seem unreasonable for the plaintiff to assume that the determination of that case would determine the primary issue of liability here and that it would not have to be relitigated. Having in mind all the circumstances we cannot say that the delay resulted in a manifest injustice to the defendant or that the trial court abused its discretion.

■　Defendant further urges that the action is barred by sections 337, 339, 340 and 343 of the Code of Civil Procedure. The contention is made that the action is one in tort rather than contract and the one year statute of limitations applies. We think it is settled, however, that the action is one for breach of contract. As stated in *Cason* v. *Glass Bottle*

*Blowers Assn.,* 37 Cal.2d 134, 142 [231 P.2d 6], "Plaintiff likewise had contract rights by reason of his membership in the union, and he was entitled to bring an action for breach of that contract if he was wrongfully expelled." ▓ In *Harris* v. *National Union Etc. Cooks & Stewards, supra,* (p. 736), the court said, "The constitution of the union constitutes a contract with the members and is the measure of the authority conferred upon the organization to expel or otherwise discipline them. (*Smetherham* v. *Laundry Workers' Union,* 44 Cal.App.2d 131, 136-137 [111 P.2d 948]; *Dingwall* v. *Amalgamated Assn. Etc. Emp.,* 4 Cal.App. 565, 569 [88 P. 597]; *Bush* v. *International Alliance,* 55 Cal.App.2d 357, 364 [130 P.2d 788]; *Weber* v. *Marine Cooks' & Stewards' Assn.,* 93 Cal.App.2d 327, 334-335 [208 P.2d 1009].)"

▓ This action being upon a contract in writing it is governed by the provisions of section 337 of the Code of Civil Procedure which prescribes a four year period. Having been brought within four years the action is not barred.

Cases of this character present a rather difficult problem in the matter of the assessment of damages. It is difficult to determine how continuous the employment of plaintiff would have been and in what classifications he would have been employed if he had not been expelled. In the period previous to his expulsion he had worked as a chief steward, cook, assistant cook, sculleryman and pantryman depending upon the kind of work available. The same problem was presented in *Harris* v. *National Union Etc. Cooks & Stewards, supra.* ▓ We think the correct rule applicable to the facts here was stated in that case (p. 738) as follows: "Appellants are in no position to complain that it is not certainly established by the evidence that if plaintiffs had not been expelled from the union their employment would have been continuous. 'One whose wrongful conduct has rendered difficult the ascertainment of the damages cannot escape liability because the damages could not be measured with exactness.' (*Zinn* v. *Ex-Cell-O Corp.,* 24 Cal.2d 290, 297-298 [149 P.2d 177].)"

Upon the authority of *Cason* v. *Glass Bottle Blowers Assn., supra,* defendant complains that the form of judgment was in error in not remanding the case to the defendant union for further proceedings. In that case the court was dealing with a procedural matter before a duly constituted committee. In the present case the proceedings were before a committee which was not selected in accordance with the provisions of

the union constitution, and therefore its action was a nullity. The rights of the union to proceed in accordance with its constitution does not require an order of the court.

Judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied March 28, 1953, and appellant's petition for a hearing by the Supreme Court was denied April 27, 1953.