[Civ. No. 15314. First Dist., Div. Two. Apr. 30, 1953.]

GROVER TAYLOR, Respondent, v. MARINE COOKS AND STEWARDS ASSOCIATION OF THE PACIFIC COAST, etc., et al., Appellants.

[Civ. No. 15315. First Dist., Div. Two. Apr. 30, 1953.]

LOUIS FERNANDEZ, Respondent, v. MARINE COOKS AND STEWARDS ASSOCIATION OF THE PACIFIC COAST, etc., et al., Appellants.

[Civ. No. 15369. First Dist., Div. Two. Apr. 30, 1953.]

JOSEPH ALMEIDA et al., Respondents, v. MARINE COOKS AND STEWARDS ASSOCIATION OF THE PACIFIC COAST, etc., et al., Appellants.

[Civ. No. 15370. First Dist., Div. Two. Apr. 30, 1953.]

WALTER HESSE, Respondent, v. MARINE COOKS AND STEWARDS ASSOCIATION OF THE PACIFIC COAST, etc., et al., Appellants.

Gladstein, Andersen & Leonard and George R. Andersen for Appellants.

Edward E. Pencevich, Ropers & Majeski and Robert J. Barbieri for Respondents.

DOOLING, J.—Four appeals presenting common basic questions are here consolidated. They are taken from judgments ordering respondents restored to their rights in appellant union and awarding them damages. The plaintiffs and respondents, five in number, were all members of appellant union and were all subjected to disciplinary action as a result of hearings before committees chosen in the same manner as were the committees held to have been improperly selected in *Harris* v. *National Union Etc. Cooks & Stewards,* 98 Cal.App.2d 733 [221 P.2d 136]. It results that under the rule of law established in the Harris case the respondents' "contract right to be tried by a committee *elected by the membership*" (*Harris* v. *National Union Etc. Cooks & Stew-*

*ards, supra,* 98 Cal.App.2d 737) was clearly violated. Faced by this fundamental violation of respondents' established legal rights appellants are reduced to a rear-guard action in which they seek by a variety of secondary arguments to avoid the legal consequences of what was indisputably primary wrongful conduct. We note because some mention is made in the briefs of the new constitution that the trials were all held while the original constitution construed in the Harris case was still in effect. The attempted adoption of a so-called new constitution in November, 1945, was judicially nullified by a judgment of the superior court affirmed in *Weber* v. *Marine Cooks' & Stewards' Assn.,* 93 Cal.App.2d 327 [208 P.2d 1009]. It was not until December 11, 1947, that another constitution was adopted and the latest order disciplining any of the respondents was that disrating Fernandez in September, 1947.

The first complaint in any of the actions was filed by Almeida and Griffey on October 17, 1945. At that time charges were pending against these two for their participation with others in the publication of a newspaper critical of the actions of some of the union's officials and of the proposed new constitution. They sought in one count an injunction to prevent the trial of these charges and in a second count declaratory relief as to their right as members of the union to engage in the questioned activities which had been made the basis of the charges. A demurrer was sustained without leave to amend to the first count only and the appellants filed an answer to the count seeking declaratory relief. Thereafter orders of expulsion, after trial before improperly constituted committees as above noted, were made—in the case of Almeida on November 2, 1945, and of Griffey on November 8, 1945. On October 7, 1946, Almeida and Griffey filed a supplemental complaint alleging their expulsion, its illegality and damages for loss of employment. (This pleading is not in the record but appellants in their opening brief stipulate that it was filed.) On March 15, 1948, a second supplemental complaint was filed containing similar allegations and asking for like relief.

Appellants conceive that it was error to permit the filing of these supplemental complaints. We cannot agree. Code of Civil Procedure, section 464, permits the filing of a supplemental complaint "alleging facts material to the cases occurring after the former complaint." The only question is

whether the expulsion of Almeida and Griffey and the consequent damage to them are facts material to the case stated in their original complaint. Although a demurrer had been sustained to their first cause of action the count which remained sought declaratory relief as to their right under the constitution to engage in the very activities which were the basis of the charges then pending against them. When the trial of these charges resulted in their expulsion those were "facts material to the cases occurring after the former complaint."

In *Jacob* v. *Lorenz*, 98 Cal. 332 [33 P. 119], plaintiff originally commenced an action to enjoin defendants from destroying a ditch. Defendants in their answer alleged that since the commencement of the action they had destroyed a portion of the ditch. Plaintiff then by leave of court filed a supplemental complaint alleging the destruction of this portion of the ditch and asking damages therefor. The court said (p. 338): "The defendants by their own act made different or additional relief necessary. The subject of the action was plaintiff's property and his right to convey water in his ditch across defendants' mine. That *right* was not destroyed and was still the subject to litigation. . . . It is no objection to a supplemental complaint that different or additional relief is asked for. (Citation.) Indeed, the object of the supplemental complaint is to obtain additional or different relief without resort to a new trial. Not only did the court not err in refusing to strike out the supplemental complaint, but appellants should not be heard to complain that their efforts to defeat plaintiff's action by making the relief he sought inadequate had not proved successful."

By the appearance of some of respondents before the trial committees without objection and the failure of others to appear at all it is argued that respondents have waived their right to object that the committees were selected in a manner not authorized by the constitution. Appellants cite no cases which support the view that the right to have a trial by a tribunal whose members are selected in the manner required by the constitution is waived by mere inaction or failure to make express objection. Such a purported tribunal is in fact no tribunal at all and while unincorporated associations are not bound to proceed with the formality of courts of law (*McConville* v. *Milk W. D. Union*, 106 Cal.App. 696, 701 [289 P. 852]) the formation of the trial body in accordance with the contract rights of the accused member is not a mere mat-

ter of form or procedure but is a substantial substantive right of which he should not be lightly deprived. (*Hopson* v. *National Union Etc. Cooks & Stewards,* 116 Cal.App.2d 320, 324 [253 P.2d 733].) At first blush *People* v. *Love,* 199 App.Div. 815 [192 N.Y.S. 354] may appear to announce the rule that failure to object to an improperly selected tribunal will amount to a waiver. A reading of the entire opinion shows however that the trial there was before the union as a whole in open meeting and the only objection was that the officers of the union had not been properly elected. The court said, at page 356 [192 N.Y.S.] : "but the officers were de facto officers, and he interposed no objection at the time, and therefore, *even if such objection would have been of any avail,* he cannot now complain." (Emphasis ours.) In a later New York case where the trial was before an illegally constituted committee, as here, the court said: "There was no trial before a legally constituted committee, and the so-called judgment was wholly void." (*Jose* v. *Savage,* 123 Misc. 283 [205 N.Y.S. 6, 7].)

The claim that the statute of limitations had run against the cause of action for restoration to the union and damages set up in the supplemental complaints is not tenable. The first supplemental complaint of Almeida and Griffey was filed less than one year after their expulsions. ■ The statute of limitations for "coercive" relief only commences to run from the date of the completed wrong and the fact that declaratory relief may have been sought before there has been a completed breach of the obligation does not commence the statute running against the later completed wrong. (*Martin* v. *Henderson,* 40 Cal.2d 583, 593 [255 P.2d 416].) ■ Subsequent amendments which do not introduce a new cause of action are not subject to the statute of limitations, the effective pleading being the first in which the particular cause of action is set out or even attempted to be stated. (16 Cal.Jur., Limitation of Actions, §§ 144, 145, 549.)

■ The question of laches is primarily one for the trial court. (*Hopson* v. *National Union Etc. Cooks & Stewards, supra,* 116 Cal.App.2d 320, 325-326; 10 Cal.Jur., Equity, § 64, p. 527.) ■ Almeida and Griffey filed their first supplemental complaint seeking reinstatement and damages approximately 11 months after their expulsion. Their assertion of these rights by court action within that relatively short period of time cannot support the claim that they were guilty of laches as a matter of law. In *Griffin* v. *International Long-*

*shoremen's & Warehousemen's Union,* 109 Cal.App.2d 823 [241 P.2d 552], most strongly relied upon by appellants, the original action was not filed until two years and seven months after the wrongful act complained of.

After the trial but before decision the opinion of the District Court of Appeal in *Cason* v. *Glass Bottle Blowers Assn.,** (Cal.App.) 220 P.2d 34 was filed by the District Court of Appeal. In that opinion the court stated at page 40: "Damages may also be awarded to one who has been illegally expelled from a duly organized association for wages lost on account of having been deprived of the opportunity to work or obtain employment, including compensation for the mental suffering and humiliation caused thereby, and which flows proximately from the wrongful suspension or expulsion." After this opinion was filed the trial court on motion set the submission aside and permitted the filing of an amendment to the supplemental complaint alleging facts showing that plaintiffs suffered shame and humiliation as a result of their expulsion and asking additional damages therefor. Evidence was introduced of such shame and humiliation and the court included in the damages allowed an unstated amount for this element of damage.

■ It is argued that these amendments introduced a new cause of action sounding in tort which was barred by the statute of limitations. The Supreme Court granted a hearing in the Cason case and in its opinion used the following language: "The record shows that there was a closed shop contract between the national union and plaintiff's employer, and plaintiff was entitled to sue in tort if the union wrongfully expelled him and at the same time refused to let him work because he was not a union member. (Citations.) Plaintiff likewise had contract rights by reason of his membership in the union, and he was entitled to bring an action for breach of that contract if he was wrongfully expelled. (Citations.) Thus the trial court correctly determined that the action partook of the nature of both tort and contract." (*Cason* v. *Glass Bottle Blowers Assn.,* 37 Cal.2d 134, 142 [231 P.2d 6].) An examination of the briefs in the Cason case shows that there was in fact in that case an award for mental stress, nervous shock and humiliation. Conceding, without deciding, that this is a case in which damages for mental suffering could not be allowed on the breach of contract theory

*A hearing was granted by the Supreme Court on August 24, 1950. The final opinion of that court is reported in 37 Cal.2d 134, 231 P.2d 6.

(see *Chelini* v. *Nieri,* 32 Cal.2d 480 [196 P.2d 915], delimiting the cases in which such damages may be allowed for breach of contract) the original supplemental complaint, in the language of the Supreme Court in the Cason case, "partook of the nature of both tort and contract," because here as there the damages for loss of employment arose from the fact that appellant union had exclusive contracts with the shipping companies by which their members were employed. Thus the amendments added no new cause of action but only alleged additional damages for the same cause of action which had been filed within the one-year period of limitation for tort actions. "A change of theory as to the basis of recovery or as to the measure of damages is not a change of cause of action or the substitution of a new and different action for the original." (*Wells* v. *Lloyd IV,* 6 Cal.2d 70, 88 [56 P.2d 517].)

Hesse was expelled on November 23, 1945, and he commenced his action on October 24, 1946. Taylor was expelled on April 4, 1946, and commenced his action on October 23, 1946. Each complaint was later amended to plead and seek additional damages for shame and humiliation after the cases were reopened for that purpose. Fernandez was not expelled from the union but disrated from the classification of chief steward on September 11, 1947, and commenced his action on March 24, 1948. He also later amended to ask for damages for shame and humiliation. What has been said in the previous discussion of the case of Almeida and Griffey sufficiently disposes of the same questions of law as they apply to the cases of the other respondents.

The court awarded in each case $7,500 as damages for loss of earnings and shame and humiliation, without segregation. The basic earnings of the positions held by the respondents before they were disciplined were proved and their inability to secure positions on ships under contract with the appellant union. The question of good faith attempts to mitigate damages by each respondent was the subject of testimony as well as the availability of employment opportunities. It was for the trial court to weigh these various factors in each case and to assess the damages suffered in loss of earnings as fairly as possible. ██ The difficulties of assessing these damages with anything like mathematical accuracy should not be allowed to defeat an award reasonably supported by the evidence. (*Harris* v. *National Union Etc. Cooks & Stewards, supra,* 98 Cal.App.2d 733, 738; *Hopson* v. *National Union*

*Etc. Cooks & Stewards, supra,* 116 Cal.App.2d 320, 327; *Harris* v. *National Union Etc. Cooks & Stewards,* 116 Cal App.2d 759, 762 [254 P.2d 673].) ▮▮▮ The earnings of all of the respondents except Fernandez if continuously employed during the period covered by the awards would have been greatly in excess of the amounts allowed them and we must assume that the trial court took into account the questions of uncertainty of continuous employment and mitigation of damages in fixing the damages. Fernandez testified that although only disrated as chief steward: ''I went to put my application in for chief cook, they kick me out only as chief steward. I want to go to work you know; I want to make a living. Well, I was refused any kind of job in my union that I belonged to for 45 years.'' While appellants point to other testimony in the record the weighing of conflicting evidence is the trial court's function, not ours.

▮▮▮ On the element of mental distress there is evidence that after they were disciplined respondents were shunned and reviled by their former friends and associates in the union. It would have been better for the trial court to have segregated the items of damages, but on the whole record which would have well supported the full awards for loss of earnings alone we find no prejudice in the failure to segregate.

▮▮▮ Each award is sufficiently supported by the evidence and the fact that they were all for the same amount does not compel us to conclude that they were arbitrary. (*Harris* v. *National Union Etc. Cooks & Stewards, supra,* 116 Cal. App.2d 759, 764.)

In the case of Fernandez appellants make the additional argument that his disrating was affirmed by the union after the adoption of the new constitution, but he was illegally disrated under the old constitution and no new proceedings were taken against him thereafter.

Appellants argue that these disputes are solely cognizable by the National Labor Relations Board under the Taft-Hartley Act. (29 U.S.C.A. § 158(b)2.) The damages suffered by respondents were an incident of the wrongful act of appellant union in taking disciplinary action against them in a manner which was violative of their rights under the constitution of the union. Nowhere in the Taft-Hartley Act is the N.L.R.B. given jurisdiction or authority to review the legality of any disciplinary action taken by a union against one of its members or to order a member's reinstatement in

the union or to award damages resulting from his wrongful expulsion. These powers are left in the courts of law where they have always resided. ▮ We find nothing in the Taft-Hartley Act to deprive a court of the power to do complete justice between a wrongfully disciplined member and his union by allowing such damages as he may have suffered as an incident to the judgment restoring him to the rights within the union of which he had been illegally deprived.

▮ Appellants finally urge that instead of restoring respondents to their rights in the union the court should have simply ordered the matter back to the union for further proceedings on the charges. (*Cason* v. *Glass Bottle Blowers Assn., supra,* 37 Cal.2d 134, 147.) The respondents were not suspended before trial and they are entitled to restoration of the rights taken from them as a result of their being tried in an illegal manner. If the union desires to proceed further against them in accordance with its constitution after it has restored them to membership it is free to do so. (*Hopson* v. *National Union Etc. Cooks & Stewards, supra,* 116 Cal.App. 2d 320, 327.)

The judgments are affirmed.

Nourse, P. J., and Goodell, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied June 18, 1953.