CARL WEBER, Appellant, v. MARINE COOKS' AND STEWARDS' ASSOCIATION OF THE PACIFIC COAST, etc., et al., Respondents.

Edward E. Pencevich for Appellant.

Gladstein, Andersen & Leonard for Respondents.

NOURSE, P. J.—Plaintiff sued for reinstatement in the defendant union after an alleged wrongful expulsion. He also asked for damages in the loss of wages and for mental suffering. The complaint alleges that the officers of the union continued to operate under a purported amended constitution which was illegal and void and was expressly held void in August, 1949, in *Weber* v. *Marine Cooks' & Stewards' Assn.*, 93 Cal.App.2d 327 [208 P.2d 1009]. It was then alleged that, notwithstanding said decision, the defend-

ants continued to refuse plaintiff membership in the union contrary to his rights under the old constitution. The prayer of the complaint is that these officers be compelled to recognize his membership and to admit him to full standing. This is one of several similar actions, all resulting in judgments favorable to the respective plaintiff and all involving the claim that the members had been illegally removed from their membership because the union officials had failed to follow the terms of the union constitution relating to the trial and dismissal of its members. Here the claim is made that plaintiff was "expelled" without trial and that such act was contrary to the existing constitution.

The complaint herein was filed July 30, 1951. The alleged "expulsion" occurred in August, 1948. Allegations were made, followed by proof, that from the date of the expulsion this plaintiff, and other former members of the union, had been continuously litigating the validity of their expulsion. Reference is here made to *Weber* v. *Marine Cooks' & Stewards' Assn.*, 93 Cal.App.2d 327 [208 P.2d 1009]; *Harris* v. *National Union etc. Cooks & Stewards*, 98 Cal.App.2d 733 [221 P.2d 136]; *Hopson* v. *National Union etc. Cooks & Stewards*, 116 Cal.App.2d 320 [253 P.2d 733]; and *Taylor* v. *Marine Cooks' & Stewards' Assn.*, 117 Cal.App.2d 556 [256 P.2d 595]. (N.B. The several names of defendants all designate the same union which is made defendant herein.) All those cases involved the main issue raised here—the validity of the amended constitution. In all those cases the plaintiff herein was involved, either as party plaintiff or as a confederate of the plaintiff named. All resulted in judgments against the union on the main ground that the amended constitution was invalid.

When plaintiff's case was called for trial, a similar case by one Wilmert as plaintiff was before the same court. After the motion for nonsuit had been granted the court entered its orders ex parte that the two cases be consolidated for trial. This was made without plaintiff's consent. Wilmert was either incompetent or feeble-minded and his testimony was unfavorable to this appellant. This consolidation is cited as one of the grounds for a reversal, but we do not need to decide it as a more substantial ground appears.

At the conclusion of Wilmert's testimony the defendants made a motion for a nonsuit on the ground of plaintiff's laches. The motion was granted on that ground alone. This was error.

Since his dismissal from the union plaintiff was engaged with other discharged members in litigating the question of the new constitution. Plaintiff had every reason to believe that if that question was settled in favor of the discharged members [as it was in the cases heretofore cited], the union would comply with the court decisions and reinstate those who had been illegally discharged. That the union refused to treat the nonsuing members in accordance with these court decisions can form no basis for a plea of laches herein. It was fully aware that the litigation affected all members who had been discharged under the invalid constitution. It was aware that this plaintiff had precisely the same grounds for complaint as those who had commenced legal proceedings. It was also aware of the fact that it could not and did not suffer the slightest damage from the delay in the commencement of this action.

The appeal is controlled by two well-settled principles of law—(1) On a motion for a nonsuit the reviewing court must view the evidence most favorably to the plaintiff, applying every legitimate inference and presumption in his favor. (2) The defense of laches is an equitable defense depending not alone on the lapse of time, but on delay that works a disadvantage or causes an injury to the defendant.

The first proposition is fully covered in the recent opinion of our Supreme Court in *Raber* v. *Tumin*, 36 Cal.2d 654, 656 [226 P.2d 574], where the court said:

"The granting of a motion for nonsuit is warranted 'when, and only when, disregarding conflicting evidence, and giving to plaintiff's evidence all the value to which it is legally entitled, indulging in every legitimate inference which may be drawn from that evidence, the result is a determination that there is no evidence of sufficient substantiality to support a verdict in favor of plaintiff.' (Citing cases.) 'Unless it can be said as a matter of law, that . . . no other reasonable conclusion is legally deducible from the evidence, and that any other holding would be so lacking in evidentiary support that a reviewing court would be impelled to reverse it upon appeal, or the trial court to set it aside as a matter of law, the trial court is not justified in taking the case from the jury.' (Citing cases.)

"In other words, while in most appeals it is the duty of the reviewing court to indulge every reasonable intendment in favor of sustaining the trial court, substantially the reverse is true when the appeal is from an order of nonsuit. In the

latter case the appellate court must view the evidence as though judgment had gone in favor of the appellant, and order a reversal if such a judgment can be sustained.''

 The second proposition has two phases: (a) Laches is an affirmative defense and must be proved as well as pleaded. (10 Cal.Jur., p. 556.) This was not done. (b) Since mere delay in bringing the action is not laches *per se*, the burden is on the defendant to show injury. Here no evidence on that issue was offered. The motion for nonsuit was based solely on plaintiff's case in which no such injury appears. To the contrary, the evidence was that plaintiff was one of a large group of members who were contesting their dismissal on the single ground of an illegal procedure. It would have been no aid to the defendants if this suit had been filed, or brought to trial, at an earlier day.

We may rest our decision on our former opinion in *Hopson* v. *National Union etc. Cooks & Stewards,* 116 Cal.App.2d 320, 326 [253 P.2d 733], where in reply to the same contention we said: ''The precise issues involved in the plaintiff's case, except for the amount of damages, were being litigated in the Harris case. It would not seem unreasonable for the plaintiff to assume that the determination of that case would determine the primary issue of liability here and that it would not have to be relitigated. Having in mind all the circumstances we cannot say that the delay resulted in a manifest injustice to the defendant or that the trial court abused its discretion.'' In that case the motion for a nonsuit, made on the same grounds, was denied. The same order should have been made here.

Judgment reversed.

DOOLING, J., and KAUFMAN, J.—We concur in the order reversing the judgment of nonsuit. However, we do not agree with certain statements in the main opinion. The complaint in this action alleges an arbitrary exclusion of plaintiff from the defendant union and an arbitrary refusal to accept his dues. His testimony is in accord with these allegations. There is not a word in pleading or proof that there was any trial or purported trial of plaintiff. Hence we cannot agree that ''this is one of several similar actions . . . all involving the claim that the members had been illegally removed from their membership because the union officials had failed to follow the terms of the union constitution relating to the trial and dismissal of its members.''

If, so far as appears from pleading and proof, plaintiff was excluded from the union arbitrarily and without any pretense of a trial or hearing, the case bears no similarity to the other cases against the defendant union cited in the main opinion, which dealt with the question whether the trial committees in those cases were chosen in the manner provided by the constitution of the union.

We are content to rest our concurrence on the rule that a nonsuit may only be granted where as a matter of law the evidence would not support a judgment for plaintiff.

In this case the mere delay of less than the statutory period, without any affirmative showing of prejudice to defendants therefrom, does not amount to such a showing of laches as would meet this test, because as said in *Hopson* v. *National Union etc. Cooks & Stewards,* 116 Cal.App.2d 320, 326 [253 P.2d 733], quoting from *Newport* v. *Hatton,* 195 Cal. 132, 137 [231 P. 987] : "Where an express statute of limitations applies to a suit in equity, *mere delay* to commence a suit for a period less than that of the statute of limitations is never a reason for dismissing the proceeding, and a party cannot be refused a hearing if he shall bring his action within the prescribed period." (Emphasis ours.)

The action was one for declaratory relief and damages. Insofar at least as the action for damages is concerned laches is no defense in any event. (*Mandracio* v. *Bartenders Union, Local 41,* 41 Cal.2d 81, 85 [256 P.2d 927].)

A petition for a rehearing was denied March 19, 1954.