WILSON ET AL. *v.* LOEW'S INCORPORATED ET AL.

No. 33.   Argued January 8, 1958.—Decided March 3, 1958.

*Robert W. Kenny* and *Ben Margolis* argued the cause for petitioners.   With them on the brief was *Samuel Rosenwein.*

*Irving M. Walker* and *Herman F. Selvin* argued the cause and filed a brief for Loew's Incorporated et al., respondents.

*Guy Richards Crump* and *Henry W. Low* submitted on brief for Doyle et al., respondents.

*Edward J. Ennis* and *A. L. Wirin* filed a brief for the American Civil Liberties Union, as *amicus curiae,* urging reversal.

PER CURIAM.

The writ is dismissed as improvidently granted because the judgment rests on an adequate state ground.

MR. JUSTICE DOUGLAS, dissenting.

By demurrer to petitioners' complaint, the respondents in this case admitted that they agreed with each other to exclude from employment all persons who refused, on the grounds of the Fifth Amendment, to answer questions concerning their political associations and beliefs put by the Un-American Activities Committee of the House of Representatives. The complaint alleged, and the demurrer thereby conceded, that petitioners had considerable experience in the motion picture industry; and that respondents directly or indirectly controlled all motion picture production and distribution in the United States and all employment opportunities therein. The California court sustained the demurrer on the ground that petitioners had not "alleged that but for defendants' alleged interference any one of plaintiffs would, or even probably or possibly would, have been employed in the industry." 142 Cal. App. 2d 183, 195, 298 P. 2d 152, 160.

This ruling on California law should result in a reversal of this judgment.

This is a case of alleged interference with the pursuit of an occupation, not an alleged interference with a particular contract or business relationship. The California cases on interference with the "right to work" are broad in scope. In *James* v. *Marinship Corp.*, 25 Cal. 2d 721, 155 P. 2d 329, the California Supreme Court held that a union could not exclude Negroes from membership in the union when at the same time there was a closed shop in the industry. The *Marinship* case was later followed in *Williams* v. *International Brotherhood*, 27 Cal. 2d 586, 165 P. 2d 903, where some of the plaintiffs were former

employees. No showing of the possibility of employment
was made. In *Williams* the court emphasized that a
"closed shop agreement with a single employer is in itself
a form of monopoly"; and it condemned attempts by a
union "to control by arbitrary selection the fundamental
right to work." 27 Cal. 2d, at 591, 165 P. 2d, at 906.
Here on the pleadings the respondents comprise a nation-
wide monopoly over the industry and arbitrarily place
petitioners on a "black list."

*Dotson* v. *International Alliance,* 34 Cal. 2d 362,
210 P. 2d 5, held that out-of-state workers, qualified for
union membership, could recover damages "for wrongful
interference with their right to work" against the union
which denied membership. 34 Cal. 2d, at 374, 210 P.
2d, at 12. No showing of a likelihood of employment was
made in that monopoly situation.

Surely then, the failure of these petitioners to allege
a particular job opportunity does not mean they did not
state a cause of action within the meaning of those Cali-
fornia cases. Their pleadings seem to bring them squarely
within those decisions. The fact that damages may be
uncertain is no barrier to enforcement of the right to work.
See *Harris* v. *National Union of Cooks and Stewards,* 98
Cal. App. 2d 733, 738, 221 P. 2d 136, 139.

I, therefore, conclude that the lower court, in not men-
tioning these cases nor differentiating them, and drawing
almost entirely on decisions from other jurisdictions, has
fashioned a different rule for this case. I can see no dif-
ference where the "right to work" is denied because of
race and where, as here, because the citizen has exercised
Fifth Amendment rights. To draw such a line is to dis-
criminate against the assertion of a particular federal
constitutional right. That a State may not do con-
sistently with the Equal Protection Clause of the
Fourteenth Amendment. *Williams* v. *Georgia,* 349 U. S.
375.