James S. Brown, J.
Plaintiffs move to enjoin the defendants, officers of Local 968, International Longshoremen’s Association, Independent, from interfering with, modifying or preventing the *231 holding of an election of officers for said local pursuant to nominations made and approved by the membership of said local at a membership meeting held on January 6, 1958, which election is scheduled to be held on the 1st day of February, 1958, and particularly from removing or striking from the election ballot, as candidates, the names of the plaintiffs.
Plaintiffs allege that on or about December 2, 1957, at a duly constituted membership meeting of said local, the officers advised that pursuant to communications received from the International Union under which the local had been placed in trusteeship, nominations for election of officers of said local would be held on January 6, 1958; that the eligibility and qualifications of all candidates were to be passed upon by a screening committee to be appointed after said nominations and that the actual election was to take place within six weeks from the date of the January 6 meeting. It is further alleged that at the said meeting, among other nominations, plaintiff Maineculf was nominated as business agent and plaintiff Woodly was nominated as president; that at that meeting, upon motion duly made and passed 15 members were appointed to the screening committee which thereafter met on January 15, 1958 and approved all the candidates and found them eligible and qualified except one who is not a party to the action. It is then asserted that on January 20, 1958 plaintiffs were advised by the defendant officers that plaintiffs were ineligible to seek office in the local and that their names would not be placed on the ballot as candidates for office; that on January 21, 1958 notices were sent to the members of the local advising them that the election was to be conducted on February 1, 1958 and along with the notices were letters from William V. Bradley, president of the International Longshoremen’s Association, and from defendant Robinson as president of Local 968. The letter of Mr. Bradley, as far as material herein, reads as follows:
January 13th, 1958
* * *
It has been brought to my attention that your Local held a meeting for nomination of officers on Monday, January 6th, 1958 * * *.
I wish to draw to your attention the fact that for President the names of Clifford Robinson, proposed by Julius Hogan was made, seconded and carried and the name of Charles Woodly by Mack Walker was proposed. In reference to Charles Woodly, I am notifying you that under the ruling of our Hew York District Council Mr. Woodly is ineligible to run for President, due to the fact that when he was President of Local 968, I. L. A., Ind. in 1953 he was successful in taking some of the members from the I. L. A. and delivering them to the A. F. L. Furthermore when Mr. Woodly was called upon as President of Local 968, I. L. A. for the books, records and papers of the Local and was held accountable for the monies and Charter, he ignored the requests *232 completely and hired out and worked as an Organizer for the A. F. L. to the detriment of the I. L. A. This is strictly against the policy of our organization and we insist that his name be removed as a candidate for the Presidency.
The other nomination where Delegate (Business Agent) Thomas Fauntleroy made by David Hogan and carried seems to be in order; however the name of William Maineeulf was made by George Futrell. We draw your attention to the fact that Mr. Maineeulf was a paid organizer for the A. F. L. and testified against the I. L. A. Brothers in several proceedings and proved to be one of the main witnesses in causing three of our officials to be unjustifiably sentenced to jail and the organization fined $50,000 on his testimony. The Waterfront Commission revoked several passes because of testimony which he participated in. Later the United States Supreme Court repudiated the sentence and the fine by upholding the ruling of a District Judge, it is noted.
I see no point in permitting such men, who obviously never had the interests of the Union at heart, to be candidates for positions of trust in the Union and accordingly I direct that their names be stricken as ineligible candidates.
The letter of defendant Robinson, as president of the local, which is dated January 14, 1958, states in part:
That in view of the attached letter from Hon. William Y. Bradley * * '*
IT IS HEREBY ORDERED
FIRST: That the name of CHARLES WOODLY be stricken from the ballot in running for election for the post of presidency of Local 968 I. L. A. Ind. and that the nomination of said CHARLES WOODLY be declared null and void.
* * *
SECOND: That the name of WILLIAM MAINECULF be stricken from the ballot in running for election for the post of Delegate (Business Agent) of Local .968 I. L. A. Ind. and that the nomination of said WILLIAM MAINECULF be declared null and void.
Plaintiffs assert that they have been members in good standing of the local for several years and are accordingly eligible to be candidates for office under the constitution of the union. Article XIII of the constitution, entitled ‘ ‘ Government of Local Union ” provides in section 3 thereof as follows: 11 No person shall be eligible for office in any Local Union * * * unless (a) He has been a member in good standing of such Local Union for at least one year ”.
Plaintiffs further assert that the only manner in which they could be disqualified to run for office is under article XVIII of the constitution entitled ‘ ‘ Discipline ’ ’ and that the actions provided therein were not taken. Under section 1(a) thereof the term “ discipline ” includes disqualification for office. Section 1(b) provides that “ Any members shall be subject to discipline who is found guilty after notice of and opportunity for hearing upon charges, of violating any provision of this Constitution * * * or dishonesty, misconduct, or conduct detrimental to the welfare of the I. L. A,”
*233 Sections 4 and 5 of said article provide that when hearings are to be held on any charge they are to be held after notice to the accused, at which time the latter may appear, produce his evidence and cross-examine.
Defendants assert that the nominations were illegally and improperly made. It is claimed that the meeting called for January 6, 1958 did not contemplate the nomination of officers but was for the purpose merely to set up a screening committee and that nominations of officers would follow at the next meeting of the local; that the plaintiffs and their followers illegally took control of the meeting by ousting the president from the chair and proceeded with the selection of the screening committee and nomination of officers; that by reason thereof the nominations of the plaintiffs were illegal.
It appears, however, that the parent association and the local have ratified the acts of that January 6 meeting. No action had been taken by either tó declare the selection of the screening committee invalid or to declare the nominations of officers invalid. In fact, they proceeded to call for the election of officers on February 1, 1958 on the basis of the nominations made at said meeting. They cannot now say that the nominations are valid for all purposes except as to the nomination of the plaintiffs unless they were otherwise ineligible to run for office. Since the plaintiffs have been members in good standing for several years, they are eligible to be nominees for office under article XIII, section 3(a) of the union’s constitution unless they have been disqualified to run for office under article XVIII of said constitution.
Concededly, no notice or opportunity for hearing upon charges was given to plaintiffs but it is claimed that such notice or opportunity for hearing was not required under article XVIII, section 1(d) which provides: “A District Council * * * shall have power to discipline any member * * * whom it finds guilty of any conduct specified in paragraph (b). Decisions of such body shall be made by a majority of the delegates present and voting on the question at a meeting thereof.”
Said section 1(d) merely clothes the district council with disciplinary power and does not nullify the provisions of section 1(b) necessitating notice of and an opportunity for a hearing upon charges. Under these circumstances, any order of the local, direction of the union president or any action by the district council was in disregard of the constitution of the union and the imposition of “ Discipline ” by disqualifying plaintiffs to run for office was illegal.
*234 The cited acts of the plaintiffs, claimed by the defendants to be acts of misconduct or conduct detrimental to the welfare of the union, are of no relevance here. Be what they may, not until the procedure set forth in article XVIII had been complied with, can the plaintiffs be disqualified to run for office.
We are now brought to the main question involved, that is whether plaintiffs, having been unlawfully disqualified to run for office, have exhausted their remedies within the union so that they are now free to resort to the courts in order to obtain relief, and if they have not exhausted their remedies would they be inadequate or require plaintiffs “ to make continued futile efforts beyond a reasonable time within which to obtain relief.” (Browne v. Hibbets, 290 N. Y. 459, 466; Madden v. Atkins, 4 A D 2d 1.) Defendants assert that the order of the president of the local and the decision of the president of the union should have, under article XIX of the constitution, been appealed to the district council of the union, and, failing to secure a favorable decision, then to the executive council and then to the national convention. The body of William V. Bradley’s letter states that the district council has already ruled that the plaintiffs are ineligible. If such an appeal were made to said body, it appears that it would be a futile gesture, and, quoting from Madden v. Atkins (supra, p. 11), “ Further, insofar as appeals to National’s executive committee and to the national convention are concerned, it appears without question that such appeals would not be resolved within a reasonable time ”. The date of election herein has been set by the union for February 1,1958. It is thus apparent that to require the plaintiffs to complete the cycle, as indicated in the union’s constitution, would deprive them of their rights which the constitution attempts to protect. Under such circumstances, the court assumes jurisdiction of this matter, and, grants the motion in all respects.
Submit order.