Frank H. Coyne, J.
In this action, plaintiff demands judgment against Richard Uhrich, as trustee of the Hotel, Restaurant and Beverage Dispensers Industrial Union Local No. 178 and Frank Esposito, acting secretary-treasurer of said local, enjoining and restraining defendants from eliminating and omitting the name of plaintiff from appearing on a ballot as nominee for the office of president of the local union; and enjoining them from interfering with his rights as a member in good standing of said local union.
An injunction pendente lite was granted herein by order dated March 14, 1958. When the action was reached for trial, and in lieu of a trial, the parties stipulated the following facts which the court deems essential to its decision herein:
The plaintiff has been a member of the local union since 1942, and was a member in good standing therein for two years prior *1070 to February 3, 1958, which, as will hereinafter appear, was the date of his nomination as a candidate for the office of president of the local union. The local union is a subordinate local of and affiliated with the Hotel & Restaurant Employees and Bartenders’ International Union (hereinafter called the International). Plaintiff was elected a member of the executive board of Local 178 in the year 1943, and in the ensuing years up to September 15,1954, served as president or business agent of the local. Following an investigation by the New York State More-land Act Commission into the operation of the welfare fund of the local, in or about September 15, 1954 charges were filed against plaintiff by the International. After a hearing on four specified charges, plaintiff was suspended from office, but not membership, for a period of 30 days, with consequential loss of salary and expense allowance. Upon the expiration of the suspension period, plaintiff resumed his duties as president of the local. Subsequently, in November, 1955, plaintiff was renominated for the office of president of the local, without objection by the International. He was, however, defeated at the election held in November, 1955.
On July 18, 1956, pursuant to section 1 of article VI of the constitution of the International, the defendant,' Richard Uhrich was appointed trustee of the local. Mr. Uhrich is presently administering the affairs of the local as trustee under said appointment. The powers of the trustee are set forth in section 5 of article VI of said constitution. Parenthetically, it is provided therein “ The Trustee shall carry out all orders issued to him by the General President. ’ ’
In or about December, 1957, the trustee recommended to the general president of the International that the trusteeship of the local be terminated. In January, 1958, the trustee was ordered to arrange for a termination of the trusteeship, to convene a meeting for the purpose of receiving nominations for offices, and to arrange for the conduct of the election. At a meeting held on February 3, 1958 nominations were made and received, and the plaintiff, Joseph Di Bucci, was accepted as one of four nominees for the office of president of the local. On February 7, 1958 the trustee was advised by the general president of the International that the plaintiff was ineligible to contend for the office of president of the local for the reason that his conduct did not meet the standards set forth in the code of ethical practices adopted as part of the AFL-CIO constitution in May, 1957. The trustee advised plaintiff, in writing, of the instruction and order of the general president of the International. Prior to the removal of plaintiff’s name from the ballot, *1071 no charges were filed or preferred against him, nor was he accorded a hearing. Plaintiff’s name was not removed from the ballot by any independent act on the part of the trustee, but was done by virtue of the order and direction of the general president of the International. Under item “ 35 ” of the stipulated facts, it appears that the trustee has no power to rescind the order of the general president of the Internationa] directing the removal of plaintiff’s name from the ballot as a candidate for the office of president of the local; nor has the trustee power to issue an order declaring plaintiff eligible as a candidate, or to vary in any respect the order issued to him by the general president.
Under item “ 37 ” of the stipulated facts, the narrow issue posed for determination is whether plaintiff is entitled to a judgment against the defendant trustee enjoining him from removing plaintiff from the ballot as a nominee for the office of president of the local union in trusteeship; or, whether the defendant trustee is entitled to a judgment upon the ground that the removal of plaintiff from the ballot was due solely to the order and direction of the general president of the International, and that, accordingly, the International is a necessary and indispensable party to an effectual adjudication herein.
On the jurisdictional question, it is the view of this court that an effective judgment may be rendered. At this point, it should be observed that while defendants have from the inception of the action contended that the International is a necessary and indispensable party, they have refrained from correcting the alleged defect of nonjoinder by a proper motion under rule 102 of the Rules of Civil Practice. Apparently, plaintiff would have been willing to join the International but for the fact that jurisdiction could not be obtained. The court will allow that an effective decree may not be entered against the International. But the absence of the International as a party from the suit does not deprive this trial court of jurisdiction to render a judgment on the merits in respect of the appearing defendants. (Carpentieri v. Redmond, 284 App. Div. 897; Klein v. Morrin, 273 N. Y. 553.) For the purposes of the within action, the jurisdiction acquired over the defendant trustee, as an active agent of the International, is sufficient. (Mayer v. Hansen, 285 N. Y. 832.)
Ordinarily, the court will not interfere with the internal affairs of a labor union when its affairs are administered fairly and equitably, unless it appears that there has been an abuse of power and wrongful interference with a substantial right of a member. Where, as here, it is shown that resort to the internal processes of the union for redress will prove futile recourse *1072 may be had to the court for relief. (Madden v. Atkins, 4 N Y 2d 283; Daley v. Stickel, 2 A D 2d 287, motion for leave to appeal denied 2 A D 2d 821; Scivoletti v. Leckie, 4 A D 2d 773.) Generally speaking, before a union may invoke disciplinary measures or deprive a member of substantial rights guaranteed to him under the governing constitution, he must be apprised of the charges and accorded a fair opportunity to be heard in defense.
Passing to the merits of the action, this court holds that the action of the defendant trustee in removing plaintiff’s name from the ballot, whether independently or by direction, was illegal and void. Whatever the reason ascribed for declaring plaintiff ineligible — be it for an alleged transgression of the AFL-CIO code of ethical practices, or otherwise — until such time as the procedures set forth in article XX of the constitution of the International are complied with, or, until plaintiff has been confronted with charges against him and has had an opportunity to be heard, the order that he is ineligible to run for office is illegal and void. (Maineculf v. Robinson, 19 Misc 2d 230.) This court will not speculate as to whether grounds exist to support a charge against plaintiff for violation of the code of ethical practices. Clearly, no such violations were asserted before his nomination for office was nullified. As the record stands, a member of the local union, in good standing, whose rights are secured to him by the International and local constitutions, has been arbitrarily declared ineligible to run for office, without a hearing. If defendants’ action was predicated upon plaintiff’s previous misfeasance they should so state, or if any new or subsequent grounds for action exist, they should be specified and plaintiff accorded a hearing thereon. The summary procedure invoked by defendants hardly meets the test of due process. As a matter of fact, article VI of the code of ethical practices (approved by the AFL-CIO executive council on May 23, 1957), pursuant to which plaintiff’s ineligibility was declared, emphasizes the exercise of “ Union Democratic Processes ”. The basic and elementary principles which any affiliated union should achieve are set forth. It is there provided ‘11. Each member of a union should have the right to full and free participation in union self-government. This should include the right * * * (c) to stand for and to hold office, subject only to fair qualifications uniformly imposed, * * *. 2. Each member of a union should have the right to fair treatment in the application of union rules and law. The general principle applicable to union disciplinary procedures is that such procedures should contain all the elements of fair play. No *1073 particular formality is required. No lawyers need be used. {The essential requirements of clue process, hoivever — noticeT hearing, and judgment on the basis of the evidence — should be observed.” (Italics supplied.)
While the court will not direct the defendant trustee to forthwith restore plaintiff’s name to the ballot, or to hold an election in the immediate future, judgment is granted herein, on the facts stipulated, declaring plaintiff eligible to run for office, if, as, and when an election is held in accordance with the governing rules and regulations of the union.
Settle judgment on notice accordingly. No costs.