Roscoe V. Elsworth, J.
At a meeting of Local 294 held on December 4, 1960, plaintiff McG-raw was nominated for the office of secretary-treasurer and in turn nominated plaintiff Beiso for recording-secretary and plaintiff Hunt for president. In addition plaintiff Lester was nominated for the office of business agent. All nominations were rejected except that of plaintiff McGraw, whose name will appear on the ballot for an election scheduled on January 8, 1961. The plaintiff McGraw and the rejected nominees seek that the names of said rejected nominees be placed on the ballot on the ground that rights established by the constitution and by-laws of Local 294, the constitution of the international union and the Labor-Management Reporting and Disclosure Act of 1959 (73 H. S. Stat. 519 et seq.), commonly known as the Landrum-Griffin Act, were violated.
On this motion plaintiffs seek a temporary injunction restraining the election. Defendant has cross-moved for an order pursuant to rule 106 of the Rules of Civil Practice dismissing the complaint on the ground that this court does not have jurisdiction of the subject matter of the action and on the further ground that the complaint does not state facts sufficient to constitute a cause of action.
The Labor-Management Reporting and Disclosure Act of 1959 sets forth a scheme for union elections under certain regulations to insure the fairness thereof. If plaintiffs here sought only the enforcement of rights created by such statute, there might be some merit in the contention of defendant that the doctrine of pre-emption applied and this court was bereft of jurisdiction. However, additionally, plaintiffs by their allegations seek the enforcement of rights given to them by the constitution and by-laws of Local 294 and the constitution of the international union. The Landrum-Griffin Act specifically provides that “ Existing rights and remedies to enforce the constitution and bylaws of a labor organization with respect to elections prior *139 to the conduct thereof shall not be affected by the provisions of this subchapter. ’ ’ (U. S. Code, tit. 29, § 483 [emphasis supplied].) Such proviso is a manifestation of Congressional assent to the jurisdiction of this court invoked by the plaintiffs.
Defendant also asserts that the complaint must fall because there is not a sufficient showing therein that there was an exhaustion of inter-union remedies. Plaintiffs appealed to the international union immediately. On December 9, 1960 the Hunt nomination was rejected by the president of the international union but up to December 11,1960 (the complaint herein being verified on Dec. 12,1960) no ruling was made on the appeal of plaintiffs Beiso and Lester. The court has been advised that rejection rulings were subsequently received. Defendant argues that an appeal must be made also to the general executive board of the international to properly exhaust the internal remedies of plaintiffs. It is true that the theory of the exhaustion of internal remedies is a respectable doctrine and applied with some rigidity despite the patent futility thereof in some instances. However, plaintiffs here have on the face of the complaint acted promptly and diligently. Time is of the essence in the enforcement of any rights they believe they might here have and the court does not conceive that the doctrine of the exhaustion of remedies means that they should sit idly by during the short period from nominations to elections without seeking the aid and assistance of the courts. The relief here sought might become impossible of attainment or academic if they did not move speedily as here was done.
The motion of defendant to dismiss is denied.
All plaintiffs seeking to go on the ballot do not make an equally strong showing of a probability of ultimate success and the standing of McGraw as a proper plaintiff may well be open to question. Without determining the issue, the court has a strong doubt that plaintiff Hunt can ultimately succeed and some doubt that plaintiff Beiso can ultimately succeed. However, plaintiff Lester makes an extremely strong showing that he should be on the ballot. For this reason a temporary injunction will issue. The court is not impressed with the argument that plaintiffs have another remedy after the election. All they seek is the right to run for office and while such right must be viewed within the framework of the constitution and by-laws of the union, it is a valuable right entitled here to such protection under the law as is now being granted.
An order for a temporary injunction may be submitted at chambers on one day’s notice along with an undertaking to be approved by the court pursuant to section 893 of the Civil *140 Practice Act and providing for the payment of damages not to exceed $500 if it is finally decided plaintiffs or any of them were not entitled to an injunction.
The action is given a preference for trial at the Jannary Term in Albany County, subject to the control and convenience of the Justice presiding in Part I at said term.