**Frank JOHNSON, Plaintiff,**

v.

**SAN DIEGO WAITERS AND BARTENDERS UNION, LOCAL 500, Labor Organization, et al., Defendants.**

**No. 2425.**

United States District Court
S. D. California, S. D.

Jan. 13, 1961.

Newberry & Prante, by Stafford W. Prante, San Diego, Cal., for plaintiff.

Walter Wencke, San Diego, Cal., for defendants.

JAMES M. CARTER, District Judge.

This case involves the Labor-Management Reporting and Disclosure Act of 1959, Public Law 86–257; 73 Stat. 519 et seq., 29 U.S.C.A. §§ 401–531. It raises the questions of the scope of the Bill of Rights section in Title I of the Act, 29 U.S.C.A. §§ 411–415; and the jurisdiction of a United States District Court to afford relief on an action by a union member under Title IV of the Act, 29 U.S.C.A. §§ 481–483.

Plaintiff filed suit for injunction, alleging he was a member of the defendant Union and had been on June 6, 1960, nominated for the office of Secretary-Treasurer/Business Manager of the Union; and that on June 17, 1960, a hearing was had by the Election Committee of the Union and the Committee ruled plaintiff was ineligible to be a candidate, giving as its reason that he had not attended the majority of meetings of the local Union over the past two years; and that said Committee determined plaintiff's ineligibility arbitrarily and contrary to the facts, in that he had attended the majority of such meetings within the two-year period.

Plaintiff further alleged that Article 10, Sec. 1 of the bylaws of the local Union setting forth the standards of eligibility was null and void and contravened public policy and the provisions of the Labor-Management Reporting and Disclosure Act of 1959, supra. Plaintiff further alleged he had exhausted all remedies available to him under the bylaws of the Union, that the election for the purpose of electing officers was to be held on June 27, 1960, and that plaintiff's name is not on the ballot and his candidacy will not be submitted for the membership's consideration.

The Court issued an order to show cause and also restrained the holding of the election until such time as the matter could be heard and decided. The defendant Union answered, setting up various documents, including the bylaws of the local Union and filed also a motion to dismiss for lack of jurisdiction and a motion for summary judgment.

At the hearing, the following facts appeared either by admission in the

pleadings or were stipulated and agreed to between counsel for the parties:

(a) The plaintiff, Frank Johnson, is a member of Waiters and Bartenders Union, Local 500. He was nominated for the office of Secretary-Treasurer on June 6, 1960;

(b) The bylaws of the local Union provide that in order to run for office one must have been a member in continuous good standing for two years and must have attended a majority of meetings within that period. To assure that these requirements are complied with, all applicants must appear before an Election Committee;

(c) Plaintiff appeared before the Election Committee on June 17, 1960, and was declared ineligible to run for office on the ground he had neither been a member in continuous good standing for two years nor attended a majority of meetings;

(d) Plaintiff appealed from the ruling of the Election Committee by sending a telegram to the General President of the international union, which read in relevant part:

"[That he had been] nominated and seconded [by] members in good standing for local 500 elections 6/27. Have been disqualified for meeting non-attendance in defiance of Public Law 86–257 * * * Request directive that all nominated and seconded member candidates be placed on ballot. Please advise.

"Frank C. Johnson";

(e) The General President of the international union rejected the appeal;

(f) The Constitution of the Hotel & Restaurant Employees and Bartenders International Union, to which Local 500 belongs, provides that members must exhaust their remedies within the union before proceeding to court. The Constitution further provides that appellate rights exist from the General President to the General Executive Board and from the General Executive Board to the International Convention;

(g) Petitioner failed to appeal to the General Executive Board or to the Convention.

Upon these facts, *plaintiff claims that the right to run for office is being denied him.* He questions both the findings of the Election Committee and the reasonableness of the foregoing requirements to run for office. He adverts to Section 401(e) of the Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 533; 29 U.S.C.A. § 481(e). Section 101(a) (1) of the Act, 73 Stat. 522, 29 U.S.C.A. § 411(a) (1) is also pertinent to our inquiry. The sections read in part, as follows:

29 U.S.C.A. § 481:

"§ 481. Terms of office and election procedures—Officers of national or international labor organizations; manner of election * * *

"Nomination of candidates; eligibility; notice of election; voting rights; counting and publication of results; preservation of ballots and records

"(e) In any election required by this section which is to be held by secret ballot a reasonable opportunity shall be given for the nomination of candidates and *every member in good standing shall be eligible to be a candidate* and to hold office (subject to section 504 of this title and to reasonable qualifications uniformly imposed) and shall have the right to vote for or otherwise support the candidate or candidates of his choice, without being subject to penalty, discipline, or improper interference or reprisal of any kind by such organization or any member thereof * * *". [Emphasis added.]

29 U.S.C.A. § 411:

"§ 411. Bill of rights; constitution and bylaws of labor organizations

"(a) (1) Equal rights.—*Every member of a labor organization shall have equal rights* and privileges within such organization *to nom-*

*inate candidates*, to vote in elections or referendums of the labor organizations, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws." [Emphasis added.]

The motion to dimiss is predicated upon the lack of jurisdiction of this Court. The motion for summary judgment is based upon plaintiff's failure to exhaust his remedies within the Union.

There are only two legal issues in this case: Whether plaintiff's alleged rights fall within the purview of Title I of the Act, 73 Stat. 522–523, 29 U.S.C.A. §§ 411–415, or Title IV of the Act, 73 Stat. 532, 534, 29 U.S.C.A. §§ 481–483; and whether plaintiff is now in a position to avail himself of any remedy provided by the applicable Title.

### I

The United States District Courts are creatures of statutes enacted in pursuance of the Constitution, and are courts of limited jurisdiction. They have no jurisdiction other than that conferred by acts of Congress within the limits defined by the Constitution. Kline v. Burke Construction Co., 1922, 260 U.S. 226, 233–234, 43 S.Ct. 79, 67 L.Ed. 226.

We must therefore look to the Act to ascertain in what instances a United States District Court is given jurisdiction over matters concerning union nominations and elections. It is to be noted that this action is by a private litigant, a member of the Union. Both sections quoted above make general reference to the nomination of candidates.

### II

The Act, having resulted from a combined effort of many minds, is not absolutely clear in its pattern, so it is arguable that plaintiff could seek relief within the provisions of either Title I,

73 Stat. 522–523, 29 U.S.C.A. §§ 411–415, or Title IV, 73 Stat. 532, 534, 29 U.S.C.A. §§ 481–483. As one writer has stated:

"It is apparent that these regulations [in Title IV] supplement those of Title I. There is even some overlap. Among the 'equal rights and privileges' granted by Title I, section 101(a) (1), [29 U.S.C.A. § 411 (a) (1)] are the rights to nominate candidates and to vote in union elections. Title IV [29 U.S.C.A. § 481 (e)] likewise grants these rights." [1]

A close comparison of Title I and IV indicates, however, that there is no apparent overlap in protection of *the right of an individual to stand for office* in a union election. Only Title IV, 73 Stat. 533, 29 U.S.C.A. § 481(e) protects the right of an individual to be a candidate for election. Title I, 73 Stat. 522, 29 U.S.C.A. § 411(a) (1), it is true, protects the equal right to nominate and vote for candidates. But, the emphasis there is placed on the rights of the nominator, not the rights of the nominee. The essence of the alleged wrong in this case is not unequal treatment of nominators, but the alleged right of the plaintiff to be nominated.

As to the rights set forth in § 101(a) (1) in Title I of the Act, [29 U.S.C.A. § 411(a) (1)], it is clear that this court has been given jurisdiction to entertain an action by "Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter * * *". § 102 of the Act [29 U.S.C.A. § 412].

On the other hand, with reference to the rights set forth in Title IV of the Act, subchapter 5 in the United States Code, 29 U.S.C.A. § 481 et seq., there appear other provisions for the enforcement of such rights. Section 402 of the Act [29 U.S.C.A. § 482] provides a procedure whereby a member of the labor organization may file a complaint with the Secretary of Labor [Subdivi-

---

1. Smith, The Labor-Management Reporting and Disclosure Act of 1959, 46 Virginia Law Review 195, 224 (1960).

sion (a)]; the Secretary shall investigate the complaint, then if he finds probable cause to believe a violation has occurred, he shall within 60 days after filing of the complaint bring a civil action in United States District Court [Subdivision (b)]. There is no provision in Title IV or elsewhere in the Act giving a District Court jurisdiction over *the suit of a private party* concerning the matters in Title IV. Consequently, this Court has no jurisdiction to entertain plaintiff's suit under § 101(a) (1) in Title I of the Act [29 U.S.C.A. § 411 (a) (1)], and plaintiff must seek his remedy under Title IV of the Act.

### III

 Defendants contend that plaintiff cannot bring this action on his own behalf because § 402 in Title IV of the Act, 73 Stat. 534, 29 U.S.C.A. § 482, limits enforcement to the Secretary of Labor, after the election, if any, has occurred. Their interpretation is correct.

As set forth above, Titles I and IV of the Act have separate enforcement provisions differing in scope and purpose. It is clear that Congress did not intend to permit cross use of such provisions. This conclusion is borne out by the fact that the Conference Committee in its report rejected a House amendment which would have given court jurisdiction over individual suits under Title IV.[2] We conclude that Title IV of the Act, 73 Stat. 534, 29 U.S.C.A. § 482 authorizes enforcement only by action filed by the Secretary of Labor.

Furthermore, the Secretary of Labor may not initiate a complaint under § 402, Title IV, 73 Stat. 534, 29 U.S.C.A. § 482 until the disputed election, if any, has occurred. This means that where the alleged misconduct occurs in the course of an election (rather than from a failure to hold an election), the Secretary must stand clear of the controversy until after the election has been held.

2. U.S.Cong. & Adm.News (1959), p. 2507.

3. Segal, The New Federal Labor Law, 4 Boston Bar Journal 17, 19 (1960);

Although not specifically stated in the Act, this condition of intervention is implicit in the pattern of § 402, 73 Stat. 534, 29 U.S.C.A. § 482 and § 403, 73 Stat. 534, 29 U.S.C.A. § 483.[3] Since this action is to enjoin an impending election, the Court is without jurisdiction to grant relief.

For the reasons stated above, it is unnecessary for the Court to determine whether plaintiff has effectively pursued his remedies within the Union, or whether the prerequisites of office were reasonable. The motion to dismiss for lack of jurisdiction is granted.

Smith, The Labor-Management Reporting and Disclosure Act of 1959, 46 Virginia Law Review 195, 226 (1960).