Walter H. JACKSON, Plaintiff,

v.

NATIONAL MARINE ENGINEERS'
BENEFICIAL ASSOCIATION OF the
UNITED STATES OF AMERICA, De-
fendant.

United States District Court
S. D. New York.

Aug. 16, 1963.

Benjamin B. Sterling, New York City, for plaintiff.

Pressman & Scribner, New York City, for defendant; David Scribner, New York City, of counsel.

WYATT, District Judge.

This is an action based on the Labor-Management Reporting and Disclosure Act of 1959 (29 U.S.C.A. § 401 and following; "the Act"). Whether the Court has jurisdiction must be determined from the Act itself.

The motion is by plaintiff for a preliminary injunction.

There is a cross-motion by defendant to dismiss the complaint for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted.

The complaint contains three counts.

The first count alleges that defendant is a labor union of licensed marine engineers; that plaintiff is a member in good standing of the union; that on March 11, 1963 a convention of the union was held; that this convention adopted an amendment to the constitution (Article V) of the union changing the method for nominating candidates for national office from what it had been for many years and requiring (a) that candidates be nominated by themselves and (b) that a candidate is only eligible to hold national office if "he has previously served as a full time, paid elected official" of the union; that this amendment was for the purpose of perpetuating the incumbents in office and preventing any of the "rank and file" (including plaintiff) from being elected; that only 47 out of 10,000 members were eligible for national office under the amendment and all others are denied an opportunity to be candidates; that the amendment is in violation of Section 401(e) of the Act (29 U.S.C.A. § 481(e)) which provides in relevant part that "every member in good standing shall be eligible to be a candidate and to hold office (subject to * * * reasonable qualifications uniformly imposed)"; that plaintiff and all others so situated are irreparably damaged by the illegal amendment; and that no further proceedings are available to plaintiff within the union.

The second count adds to these averments that plaintiff submitted his nomination by himself to be national president; that he was disqualified by defendant union as an "applicant" for national president on the ground that he had not previously served as a full time, paid

elected official of the union; that nominations for president were to be made by June 15, 1963 and all ballots were to be counted by September 15, 1963; that plaintiff has been unlawfully deprived of an opportunity to be a candidate for national president; that plaintiff suffers irreparable damage thereby; and that he has exhausted his remedies within the union.

The third count adds to these averments that the incumbent union officers have set up a group to count the ballots which is under their control and an impartial count cannot be had; that this irreparably damages plaintiffs; and that all remedies within the union have been exhausted.

While not specifically alleged in the complaint, counsel for plaintiff asserts that the March 1963 amendment also violates Section 101(a) (1) of the Act (29 U.S.C.A. § 411(a) (1)) which in relevant part provides that every union member "shall have equal rights and privileges * * * to nominate candidates * * * subject to reasonable rules and regulations * * * [the] constitution and bylaws". The action and cross-motion are considered in the light of this provision also.

The motion of plaintiff is for a preliminary injunction in substance restraining the union from enforcing the eligibility requirements set up by the March 1963 convention, from conducting the present election unless plaintiff is declared to be a candidate and ballots with his name sent out, and from using the group presently appointed to count the ballots.

To the extent that plaintiff appeals to the jurisdiction of this Court under Section 401(e) of the Act, plaintiff's motion must fail because under this section—and all other sections (402–404) of Title IV of the Act—no remedy is given to a private party; a judicial remedy can only be given in an action brought by the Secretary of Labor. Such is the provision of the Act itself. Johnson v. San Diego Waiters, etc., 190 F.Supp. 444 (S.D.Cal. 1961); see also Acevedo v. Bookbinders etc. Local No. 25, 196 F.Supp. 308, 314 (S.D.N.Y.1961).

To the extent that plaintiff appeals to the jurisdiction of this Court under Section 101(a) (1) of the Act, plaintiff's motion must fail because this section, the "equal rights" guarantee, does not apply to union election matters except as to two specific rights—namely, the right "to nominate candidates" and the right "to vote in elections". These rights have not been curtailed by any union action; indeed the provision for self-nomination makes it as easy to be nominated as possible. It is the eligibility requirements which plaintiff attacks and these are *exclusively* dealt with by Section 401(e). Where a particular subject is dealt with by a section of the Act—for example, the eligibility of candidates in Section 401(e) —it must be assumed that Congress intended the specific provision to govern and not the general provisions of Section 101(a).

The Court in the Johnson case, above, stated in this connection (190 F.Supp. at 447–48):

"A close comparison of Title I and IV indicates, however, that there is no apparent overlap in protection of *the right of an individual to stand for office* in a union election. Only Title IV, 73 Stat. 533, 29 U.S.C.A. § 481(e) protects the right of an individual to be a candidate for election. Title I, 73 Stat. 522, 29 U.S. C.A. § 411(a) (1), it is true, protects the equal right to nominate and vote for candidates. But, the emphasis there is placed on the rights of the nominator, not the rights of the nominee. The essence of the alleged wrong in this case is not unequal treatment of nominators, but the alleged right of the plaintiff to be nominated.

"As to the rights set forth in § 101(a) (1) in Title I of the Act, [29 U.S.C.A. § 411(a) (1)], it is clear that this court has been given jurisdiction to entertain an action by 'Any person whose rights secured by the provisions of this subchapter

have been infringed by any violation of this subchapter * * *'. § 102 of the Act [29 U.S.C.A. § 412].

"On the other hand, with reference to the rights set forth in Title IV of the Act, subchapter 5 in the United States Code, 29 U.S.C.A. § 481 et seq., there appear other provisions for the enforcement of such rights. Section 402 of the Act [29 U.S.C.A. § 482] provides a procedure whereby a member of the labor organization may file a complaint with the Secretary of Labor [Subdivision (a)]; the Secretary shall investigate the complaint, then if he finds probable cause to believe a violation has occurred, he shall within 60 days after filing of the complaint bring a civil action in United States District Court [Subdivision (b)]. There is no provision in Title IV or elsewhere in the Act giving a District Court jurisdiction over *the suit of a private party* concerning the matters in Title IV. Consequently, this Court has no jurisdiction to entertain plaintiff's suit under § 101 (a) (1) in Title I of the Act [29 U.S.C.A. § 411(a) (1)], and plaintiff must seek his remedy under Title IV of the Act."

Mamula v. United Steelworkers etc., 304 F.2d 108 (3d Cir. 1962) seems to be in accord.

So far as the motion relates to the counting of the ballots, again Section 401(e) is the provision of the Act which would govern and, as we have seen, no right of action exists in any private person thereunder. In fairness to Mr. Heller, who has been designated to supervise, with the union's ballot committee, the counting of ballots, nothing appears in the papers which would indicate that Mr. Heller, either by past associations or otherwise, would not perform his duties competently and honestly.

The remedy of plaintiff under the Act, therefore, is solely a complaint under Section 402 of the Act to the Secretary of Labor after the election has been held.

Plaintiff may have remedies in a state court before the election is held, apart from the Act. In this connection, it is noted that Beiso v. Robilotto, 26 Misc.2d 137, 212 N.Y.S.2d 504 (1960), cited for plaintiff, was a decision of the Supreme Court of the State of New York, Albany County.

This Federal Court has no jurisdiction to consider any such remedies because jurisdiction here must be found, if at all, in the Act.

The motion of plaintiff is accordingly denied.

The motion of defendant to dismiss the complaint for loss of jurisdiction over the subject matter is granted.

So ordered.