Peter **LIBUTTI**, Charles P. **McDermott** and Anthony J. **Gatto**, each of them individually and on behalf of all other members of Local 920, International Longshoremen's Association, similarly situated, Plaintiffs-Appellees,

v.

Alex Di **BRIZZI**, as President, or Joseph Vincenzino, as Business Agent, or Arnold Guerriero, as Secretary-Treasurer of Local 920, International Longshoremen's Association, Defendant-Appellant.

No. 188, Docket 29206.

United States Court of Appeals Second Circuit.

Submitted Jan. 22, 1965.

Decided April 1, 1965.

Burton H. Hall, New York City, for plaintiffs-appellees.

Gleason & Miller, New York City, for defendant-appellant.

Before LUMBARD, Chief Judge, and MOORE and SMITH, Circuit Judges.

LUMBARD, Chief Judge:

We granted the appellants' petition for rehearing in order to reconsider their appeal in the light of Calhoon v. Harvey, 379 U.S. 134, 85 S.Ct. 292, 13 L.Ed.2d 190 (1964), reversing 324 F.2d 486 (2 Cir. 1963). We conclude that our initial disposition of the appeal, affirming the judgment in favor of the plaintiffs, was correct. While Calhoon v. Harvey casts considerable doubt on our previous interpretation of § 101(a) (1) of the LMRDA, we think that the plaintiffs have a good claim under New York law and that this claim is sufficient to sustain the judgment of the district court.[1]

Under New York law a union member may enforce in the courts the rights granted to him by the union constitution and bylaws, including the right to stand for election to union office. E. g., Beiso v. Robilotto, 26 Misc.2d 137, 212 N.Y.S.2d 504 (S.Ct.1960); Maineculf v. Robinson, 19 Misc.2d 230, 189 N.Y.S.2d 712 (S.Ct.1958). The appellants have not disputed this proposition or suggested any reason why a New York court would not deem the admitted disregard of union rules in this case an appropriate occasion for injunctive relief. They instead assert that the district court lacked jurisdiction over the subject matter and that the plaintiffs should be required first to exhaust their remedies within the union.

Jurisdiction over the state-law claim exists under the principle of pendent jurisdiction: The federal claim, far from being frivolous, was upheld by the district court and by this court, and there has been no contention that a New York court would require facts beyond those already found before granting injunctive relief. No purpose would be served by our failure to act on the plaintiffs' claim under New York law except to delay the ultimate disposition of the

---

1. Existing rights with respect to enforcement of union constitutions and bylaws are expressly preserved by § 403 of the LMRDA, 29 U.S.C. § 483.

**462**

case and perhaps also to frustrate a valid claim by allowing the matter to become moot.

■ The contention that the plaintiffs must first exhaust their union remedies has already been considered and rejected. While we were then interpreting § 101 (a) (4) of the LMRDA, we think that our conclusion that exhaustion was not required accords with the New York common law rule as well. The plaintiffs' nominations were rejected by a committee appointed by the appellant Di Brizzi, but the district court found that the union constitution and bylaws did not authorize such a committee. Where the action complained of was taken by a union body which lacked jurisdiction over the matter, exhaustion of union remedies is not required under New York law. Shapiro v. Gehlman, 244 App.Div. 238, 278 N.Y.S. 785 (1935); Jose v. Savage, 123 Misc. 283, 205 N.Y.S. 6 (S.Ct.1924).

The judgment of the district court is affirmed.

