**Pasquale PETRAMALE, Plaintiff,**

v.

**LOCAL NO. 17 OF LABORERS' INTERNATIONAL UNION OF NORTH AMERICA; Laborers' International Union of North America; Anthony Galietta, Individually and as President; and Lawrence T. Diorio, Individually and as Secretary/Treasurer of Local No. 17, and Lorenzo Diorio, Defendants.**

No. 81 Civ. 4817.

United States District Court, S.D. New York.

Feb. 23, 1983.

---

Sipser, Weinstock, Harper, Dorn & Leibowitz, New York City, for defendant Laborers' Intern. Union of North America; I. Philip Sipser, Jerome Tauber, Mary Jill Hanson, New York City, of counsel.

Rider, Drake, Sommers & Loeb, P.C., Newburgh, N.Y., for remaining defendants; Alan R. Lewis, Newburgh, N.Y., of counsel.

## OPINION

**EDWARD WEINFELD, District Judge.**

The defendants, the International and the Local, urge that summary judgment be granted in their favor upon the ground, among others, that plaintiff failed to exhaust available internal union remedies because he intentionally failed to appear at a rescheduled meeting on October 29, 1980, of which he had reasonable notice in advance and which meeting was scheduled because of a typographical error in setting an earlier hearing at 9 a.m. instead of 9 p.m. Defendants further contend that plaintiff deliberately used this inadvertent error as an excuse not to appear at the hearing.

Assuming that defendants' position is correct, it does not necessarily require dismissal of the complaint on the ground of failure to exhaust internal remedies. The issue still remains whether disciplinary action taken at the meeting of October 29 in plaintiff's absence—the suspension of his right to attend union meetings for ten years and the imposition of a substantial fine—was based on a ground then authorized by the union's constitution, which petitioner contends was in violation of his First Amendment right of free speech and statutory rights. Thus, even if plaintiff's nonappearance at the meeting at which he was suspended constituted an intentional default, the Local could not impose the disciplinary sanction based upon a free speech violation and in that circumstance exhaustion of administrative procedures before the Local is not a prerequisite to this action.[1] Actions that are alleged to be void consti-

Hall, Clifton & Schwartz, New York City, for plaintiff; Burton H. Hall, New York City, of counsel.

---

1. *Cf. Keeffe Bros. v. Teamsters Local Union No. 592,* 562 F.2d 298, 303 (4th Cir.1977); *Semancik v. United Mine Workers,* 466 F.2d 144, 150–51 (3d Cir.1972). *See also Giordani v. Upholsterers Int'l Union,* 403 F.2d 85, 88 n. 7 (2d Cir.1968).

**492**

tute an exception to the exhaustion requirement under both statutory law and common law.[2] Additionally, a dispute as to the basis upon which the Local grounded its suspension forecloses the grant of summary judgment. (This was noted previously by the Court when it denied plaintiff's motion for a preliminary injunction. *See* Memorandum August 31, 1981).

█ As to International, there is a factual dispute as to whether the affirmance on appeal of the Local's order was based upon findings other than those made by the Local Union and upon charges different from those set forth in the notice of charges served by the Local upon plaintiff. Attempts by this Court, while these motions were sub judice, to obtain clarification did not resolve the issue. The factual situation as to the International is further compounded by its claim, disputed by the plaintiff, that the issue of free speech was not properly presented upon the appeal. Moreover, that the International, as now asserted, on its own accord deleted the provision from its constitution upon which the Local relied in taking action against plaintiff in alleged violation of his constitutional right of free speech did not wipe out its existence as of the time the Local allegedly based its action thereon.

There are just too many disputed issues with respect to these matters to apply the summary judgment rule. Nonetheless, defendants urge that their motions be granted because during the pendency of this action plaintiff's suspension and the fine have been rescinded by the defendants' voluntary action and, as they variously put it, "all that remains is his claim for monetary damages based upon his inability to attend four (4) or five (5) union meetings" and thus "the entire case has been rendered moot, as Plaintiff's failure to attend a few meetings is de minimis under the circumstances."

The denial of the right of plaintiff to attend one or more meetings may be "de minimis" to defendants; it may be "sub-

stantial" to plaintiff. In any event, the trier of the fact decides the issue, not the parties.

The motion for summary judgment is denied.

**2.** *See Libutti v. Di Brizzi,* 337 F.2d 216, 219 (2d Cir.1964), *adhered to,* 343 F.2d 460 (2d Cir. 1965).